Leo DARROUGH *v.* STATE of Arkansas

CR 96-1514 957 S.W.2d 707

Supreme Court of Arkansas
Opinion delivered December 18, 1997

*Clarence W. Cash, Jr.,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Mac Golden,* Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Leo Darrough was convicted of possession of a controlled substance with intent to deliver. He was sentenced to eighty years' imprisonment as a habitual offender with four or more prior offenses. His sole assignment of error concerns the sufficiency of the evidence supporting his conviction. We affirm.

At trial, Little Rock Police Department Narcotics Detective Bruce Jones testified that he executed a search warrant for an address on Highway 365 on December 21, 1994. He stated that the structure he entered was a double-door garage, and upon entry, he found Darrough and another man who he believed to be Roderick Darrough. He searched the garage and discovered a small pill bottle wrapped in black duct tape on the garage floor about three feet behind Leo Darrough. The pill bottle contained numerous off-white, rock-like substances which he assumed was crack cocaine. His belief was confirmed by the State Crime Lab. On cross-examination, Detective Jones admitted that there may have been more people in the garage than the two men and that he did not know who owned the building.

Officer Austin Lynch, who was then a member of the Little Rock Police Department's Narcotics Division, testified that he orchestrated a controlled buy in the garage about 30 to 45 minutes before executing the search warrant. As part of the subsequent search, he found $230 on Leo Darrough, which included a $20 bill that matched the serial number of a $20 bill used in the controlled buy. According to Officer Lynch, though Darrough did not reside in the residence located just northeast of the garage, some of his relatives did. On cross-examination, Officer Lynch admitted that he did not enter the garage as part of the controlled buy but, rather, the buy was accomplished by a confidential informant. Officer Lynch also related that the informant told him that he made the purchase from a person matching Leo Darrough's physical description and the clothes Darrough was wearing and that there were two other people in the garage. He testified that the informant bought one-quarter gram of crack cocaine.

At the conclusion of the State's case, Darrough's counsel moved for a directed verdict on two grounds: (1) that there was insufficient evidence connecting him to the cocaine found in the garage, and (2) that the chain of custody was not maintained in a proper fashion. The motion was denied, and Darrough put on no proof.

Darrough now argues that the trial court erred in denying his directed-verdict motion because the evidence presented by the State was insufficient. The standard of review for an appeal from a denial of a motion for directed verdict was reiterated recently in *Williams v. State*, 329 Ark. 8, 16, 946 S.W.2d 678, 682 (1997):

> A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Peeler v. State*, 326 Ark. 423, 932 S.W.2d 312 (1996). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Dixon v. State*, 310 Ark. 460, 839 S.W.2d 173 (1992). Evidence, whether direct or circumstantial, is sufficient to support a conviction if the evidence is forceful enough to compel reasonable minds to reach a conclusion one way or the other. *Peeler v. State, supra; Dixon v. State,*

*supra.* Only evidence supporting the verdict will be considered. *Moore v. State,* 315 Ark. 131, 864 S.W.2d 863 (1993).

*Id.*

 Under our law, it is clear that the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed. *Heard v. State,* 316 Ark. 731, 876 S.W.2d 231 (1994); *Crossley v. State,* 304 Ark. 378, 802 S.W.2d 459 (1991). We have further explained:

> Constructive possession can be implied when the controlled substance is in the joint control of the accused and another. Joint occupancy, though, is not sufficient in itself to establish possession or joint possession. There must be some additional factor linking the accused to the contraband. The State must show additional facts and circumstances indicating the accused's knowledge and control of the contraband.

*Hendrickson v. State,* 316 Ark. 182, 189, 871 S.W.2d 362, 365 (1994) (citations omitted). *See also Jacobs v. State,* 317 Ark. 454, 878 S.W.2d 734 (1994); *Nichols v. State,* 306 Ark. 417, 815 S.W.2d 382 (1991). When seeking to prove constructive possession, the State must establish (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Darrough v. State,* 322 Ark. 251, 908 S.W.2d 325 (1995); *Plotts v. State,* 297 Ark. 66, 759 S.W.2d 793 (1988).

Darrough relies primarily on *Osborne v. State,* 278 Ark. 45, 643 S.W.2d 251 (1982), where this court held that the State's proof of constructive possession was insufficient to support the appellant's convictions for possession of various controlled substances. That case, however, is factually distinguishable. In *Osborne,* police officers searched the appellant's residence while he was across the street at his parents' home. The police officers discovered phentermine pills in a bedroom dresser and in a suitcase in the hall as well as marijuana on a tray in the living room where the appellant's wife and others were present. This court reversed the

appellant's convictions for possession of these items because the State presented no evidence linking him to the contraband other than proof that the home was his residence. We concluded that in that case the relationship between the appellant and the contraband was speculative. Here, Darrough argues that, as in *Osborne*, there was no proof linking him to the pill bottle found on the garage floor.

Darrough's argument is unavailing. Unlike *Osborne v. State, supra,* in the instant case there was substantial evidence to support the jury's verdict that he exercised dominion and control over the pill bottle and knew that the pill bottle contained contraband. *See Darrough v. State, supra; Plotts v. State, supra.* To summarize that evidence once more, Detective Jones testified that he discovered the pill bottle within three feet of Darrough on the floor. Officer Lynch told the jury that a $20 bill matching the serial number from the previous controlled buy was found on Darrough and that he matched the physical description of the seller as well as the description of the seller's clothing which were given to him by the confidential informant.

■ Darrough makes a number of peripheral arguments, including an assertion that this court should not consider Officer Lynch's testimony about the confidential informant's description because it was hearsay evidence. We note, however, that there was no hearsay objection at trial, and this court has stated repeatedly that hearsay evidence admitted without objection may constitute substantial evidence. *See, e.g., Sanders v. State,* 326 Ark. 415, 932 S.W.2d 315 (1996); *Clemmons v. State,* 303 Ark. 265, 795 S.W.2d 927 (1990); *Johnson v. State,* 298 Ark. 617, 770 S.W.2d 128 (1989).

■ Finally, Darrough contends that the State failed to present additional evidence to the jury such as fingerprint evidence with respect to the pill bottle and the confidential informant's testimony. Be that as it may, we are only called upon to decide whether the evidence actually presented by the State was substantial, and we conclude that it was.

Affirmed.