Jewell POLK *v.* STATE of Arkansas

CA CR 01-270                                            57 S.W.3d 781

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered October 31, 2001
[Petition for rehearing denied December 12, 2001.]

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. At a bench trial, the circuit court convicted appellant, Jewell Polk, of the crimes of simultaneous possession of drugs and firearms, possession of a controlled substance with the intent to deliver, and theft by receiving. The court sentenced him to a total of sixteen years' imprisonment in the Arkansas Department of Correction. On appeal, Polk contends that the evidence was insufficient to support the convictions because the State failed to establish that he possessed either the cocaine or the handgun that was found in the car he was driving. While we affirm his conviction for possession of a controlled substance with the intent to deliver, we reverse and dismiss his convictions for simultaneous possession of drugs and firearms and theft by receiving.

At 2:30 a.m. on April 22, 1999, Officer Elliot Young of the Little Rock Police Department had under surveillance a residence that was the subject of several complaints alleging that narcotics activity was taking place there. A 1994 black 530i BMW registered to Clarence Duckworth left the residence. The car stopped briefly at the Waffle House and remained there for three minutes. Young asked Officer Charles Allen of the Little Rock Police Department, who was in another vehicle, for assistance in watching the car. After Allen saw the car weaving back and forth between the lanes of traffic, he stopped the car. Allen asked Polk, the sole occupant of the car, for his driver's license, which Allen discovered had expired. Allen cited Polk for improper lane usage and driving with an expired license and impounded the vehicle. Young inventoried the car, and he saw a piece of plastic sticking out above the driver's sun visor. He pulled the visor down and found a plastic bag containing several pieces of an off-white, rock-like substance later analyzed as 2.804 grams of eighty-five percent cocaine base and procaine. Young also saw a lump in the rear passenger-side floor mat, and underneath the mat he found a loaded .380 semi-automatic handgun that had been reported as stolen. Young further testified that the gun was not visible without moving the floor mat. However, he agreed the lump was "something that jumped out at you."

At the conclusion of the State's case, Polk moved for a directed verdict, contending that there was no showing that he was "ever in actual possession of either the firearm or the drugs." Polk noted that the cocaine was found behind the sun visor, the gun was underneath a floor mat in the rear floorboard, and the car was registered to another person. The State replied that Polk was the only person in the car and had exclusive control of the vehicle, that the plastic bag was sticking out of the sun visor, which was immediately above Polk's head, and that the gun was found underneath the rear passenger floor mat, which, the State contended, was the most accessible place in the rear of the car to the driver. The State further noted that the lump was readily discernible by the officers. The court denied the motion.

In his own defense, Polk testified that he borrowed the car from his girlfriend, who he knew did not own the car, so that he could drive somewhere to eat. Polk stated that he drove the car two to three minutes to the Waffle House, where he remained approximately ten minutes while his hamburger and fries were cooking. He was driving back to the house when he was stopped by police. Polk testified that, at most, he was in the car for fifteen minutes. He further testified that he did not know that either a gun or drugs were in the car. Polk, however, admitted that he was a cocaine user and had been using cocaine that night at the house. He further stated that he had previously pleaded guilty to possession of cocaine and drug paraphernalia but that he did so in those cases because he knew about that cocaine and drug paraphernalia.

At the close of the evidence, Polk again moved to dismiss. Polk noted a number of factors to be considered to establish constructive possession of contraband found in a car when the vehicle is jointly occupied. He pointed out that the car was not his, that he was in the car only a short time, that he did not act suspiciously, and that the handgun was not within his immediate proximity, on the same side of the car, in plain view, on his person, or with his personal effects. Polk further noted that the officers did not testify that he was moving the visor or floor mat when he was driving.

The court denied appellant's motion and found appellant guilty of all three counts.[1] The court noted that while Polk was in

---

[1] Because Polk argued below that the State failed to show constructive possession of the gun, he properly preserved for appeal his challenge to the sufficiency of the evidence to support theft by receiving, which requires proof that the defendant received, retained or disposed of the stolen property. Ark. Code Ann. § 5-36-106(a) (Repl. 1997). "Receiving" is

the car only a short time, he testified that he used cocaine, and cocaine was found in the car. The court also noted that both the handgun and the cocaine were within easy access. Further, the court noted that Polk was in sole possession and control of the car.

■ Polk challenges the sufficiency of the evidence to support the convictions. When reviewing a denial of a challenge to the sufficiency of the evidence, we consider only the evidence that supports the judgment and affirm if that evidence is substantial. *Boston v. State*, 69 Ark. App. 155, 159, 12 S.W.3d 245, 248 (2000). Specifically, Polk argues that the State failed to show that he constructively possessed either cocaine or the handgun. In response, the State argues that there was substantial evidence that Polk constructively possessed the cocaine and gun because Polk was the sole occupant of the car and both items were found in areas immediately and exclusively accessible to him.

■ ■ When challenging the sufficiency of the evidence regarding possession of contraband, the standard of review is as follows:

> To convict one of possessing contraband, the State must show that the defendant exercised control or dominion over it. Neither exclusive nor actual, physical possession is necessary to sustain a charge. Rather, constructive possession is sufficient.
>
> . . .
>
> Moreover, constructive possession may be implied when the contraband is in the joint control of the accused and another; however, joint occupancy, alone, is insufficient to establish possession or joint possession. The State must establish that (1) the accused exercised care, control, and management over the contraband, and (2) the accused knew the matter possessed was contraband.

*Stanton v. State*, 344 Ark. 589, 599, 42 S.W.3d 474, 480–81 (2001)(citations omitted).

■ In this case, appellant was not the owner of the car, and his occupancy of the car was transitory in nature. Based on these facts, Polk's occupancy of the car is more analogous to joint occupancy,

---

defined as "acquiring possession, control, or title or lending on the security of the property." Ark. Code Ann. § 5-36-106(b) (Repl. 1997).

as opposed to sole occupancy. Joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession of the contraband found in the vehicle. *Mings v. State*, 318 Ark. 201, 207, 884 S.W.2d 596, 600 (1994). Other factors to be considered when there is joint occupancy of a vehicle are: (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused was sitting or in near proximity to it; (4) whether the accused is the owner of the automobile, or exercises dominion or control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.*

■ While Polk controlled the car, he did not own it; he was in the borrowed car for a short time, well after dark. Further, none of the contraband was in plain view. Nevertheless, we conclude that there was substantial evidence that Polk constructively possessed the cocaine. Young testified that the drugs were found behind the driver's side sun visor, just in front of where Polk was sitting, with the plastic packaging in plain view. Furthermore, Polk admitted to using cocaine at the residence he had just left and to which he was returning.

■ There was, however, no testimony establishing constructive possession of the handgun. The State did not present any testimony about whether the handgun was easily accessible from the driver's seat or whether the lump in the floor mat could be seen from there. Also, there was not any testimony that during the time Polk was in the car, he entered or reached into the rear of the car. Thus, we conclude that the evidence was insufficient to support the conclusion that Polk constructively possessed the handgun.

Further, we distinguish these facts from those in *Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), in which there was substantially more evidence connecting the appellant in that case to a handgun found underneath the passenger seat of a borrowed truck. There, an officer testified that the handgun was in an area accessible to the appellant, as the truck cab was so small that anyone in the vehicle had access to it. Also, in that case the appellant exercised dominion and control of the truck, as he drove the truck from Vian, Oklahoma, to Fort Smith, Arkansas, and was the only one to drive the truck that day. Further, the appellant testified that he had "detailed" the truck prior to using it and would have noticed any contraband in it, thus permitting the jury to dismiss the possibility that the contraband was in the truck when the appellant

borrowed it. Also, there was evidence that cocaine was being delivered from the truck, and an officer testified that it was common to find handguns in close proximity to drugs. Finally, the appellant in that case gave an improbable explanation regarding his presence in Fort Smith. Thus, *Kilpatrick* is clearly inapposite given the substantial amount of evidence presented in that case.

■ Therefore, because Polk constructively possessed the cocaine but not the handgun, we reverse and dismiss his convictions for simultaneous possession of drugs and firearms and theft by receiving and affirm his conviction for possession of a controlled substance with the intent to deliver.

Affirmed in part; reversed and dismissed in part.

STROUD, C. J., and GRIFFEN, J., agree.

BIRD, J., concurs.

JENNINGS and CRABTREE, JJ., concur in part; dissent in part.

JOHN E. JENNINGS, Judge, concurring in part; dissenting in part. I concur in the court's affirmance of appellant's conviction on the charge of possession of cocaine with intent to deliver but dissent from the court's dismissal of the charge of simultaneous possession of drugs and firearms.

The question involved, of course, is whether the evidence is legally sufficient for the case to go to the trier of fact, in this instance the trial judge sitting without a jury. This is a matter of line drawing, and the question of the sufficiency of the evidence is purely one of law. Another way of putting the question would be whether the State has made a *prima facie* case. Manifestly, the question is not whether we have a reasonable doubt of the defendant's guilt or whether we think the trier of fact should have.

In deciding the sufficiency of the evidence, we are bound by certain principles. On appeal we view only the evidence that is most favorable to the verdict and do not weigh it against other conflicting proof favorable to the accused. *Hendrickson v. State*, 316 Ark. 182, 871 S.W.2d 362 (1994); *Coleman v. State*, 314 Ark. 143, 860 S.W.2d 747 (1993). Circumstantial evidence alone may be sufficient to support a conviction. *Ketelson v. State*, 317 Ark. 324, 877 S.W.2d 910 (1994). Finally, the law recognizes that knowledge, like intent, is rarely capable of direct proof and may be established

by circumstantial evidence. *See Bird v. State*, 337 Ark. 413, 992 S.W.2d 759 (1999).

At the outset I must question the majority's employment of a "joint occupancy" analysis. The majority relies on *Mings v. State*, 318 Ark. 201, 884 S.W.2d 596 (1994), for a list of "factors' to be considered in joint occupancy cases. . . ." The court in *Mings* actually said, "Other factors to be considered in cases involving *automobiles occupied by more than one person* are. . . ." In the case at bar the defendant was alone in the car when he was stopped. Even if it is appropriate to use a joint occupancy analysis, the fact that the defendant was alone is an appropriate consideration. *See Westbrook v. State*, 286 Ark. 192, 691 S.W.2d 123 (1985) (case involving a residence — not a car). Furthermore, *Mings* clearly states that there must be "some other factor" linking the accused to the drugs. To me this means, at least ordinarily, there must be at least one additional factor. Here, even disregarding the fact that appellant was alone in the car, he was exercising dominion and control over it, a factor that the majority recognizes is appropriate for consideration. Furthermore, I think it can be fairly said that appellant was in "near proximity" to a loaded pistol. It is true that there was no testimony that appellant either could or could not reach the pistol from his position behind the wheel, but "there comes a point where this Court should not be ignorant as judges of what we know as men." *Watts v. Indiana*, 338 U.S. 49, 52 (1949)(Justice Frankfurter).

*Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995), is, as the majority says, clearly distinguishable on its facts. But in *Kilpatrick* the court said, "The jury might also have inferred that one who possesses cocaine with intent to deliver might also possess a handgun." This statement appears to have been made based in part on certain testimony adduced in *Kilpatrick* and on statements the court had previously made in *Hendrickson v. State, supra*. Here, the appellant's own testimony tied himself to the cocaine located above the visor of the car he was driving — he testified he was a cocaine user and had in fact used it that very evening. For our purposes in deciding the legal sufficiency of the evidence to link the appellant to the pistol, his connection to the cocaine is certainly not determinative, but it is also not irrelevant.

To sustain a conviction for possessing contraband, the State need not prove actual physical possession of contraband; constructive possession, or the control or the right to control contraband is sufficient. *Franklin v. State*, 60 Ark. App. 198, 962 S.W.2d 370 (1998). Constructive possession occurs when contraband is found

in a place that is immediately and exclusively accessible to the accused. *Boston v. State*, 69 Ark. App. 155, 12 S.W.3d 245 (2000). Here the loaded pistol was immediately and exclusively accessible to the appellant.

I respectfully dissent.

CRABTREE, J., joins in this opinion.