Jewell POLK *v.* STATE of Arkansas

CR 01-1278                                              73 S.W.3d 609

Supreme Court of Arkansas
Opinion delivered May 2, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. The State of Arkansas petitions for review of the court of appeals' partial reversal of Appellant/Respondent Jewell Polk Jr.'s convictions of possession of a controlled substance with intent to deliver, simultaneous possession of drugs and firearm, and theft by receiving. The court of appeals in *Polk v. State*, 75 Ark. App. 338, 57 S.W.3d 781 (2001), affirmed Polk's conviction for possession of a controlled substance with intent to deliver, but reversed his convictions for simultaneous possession of drugs and firearms and theft by receiving.

At 2:30 a.m. on April 22, 1999, Officer Elliot Young of the Little Rock Police Department had a residence under surveillance that was the subject of several complaints alleging that narcotics activity was taking place there. Officer Young observed a 1994 black 530i BMW registered to Clarence Duckworth leave the residence. The car stopped briefly at the Waffle House and remained there for several minutes. Young asked Officer Charles Allen of the Little Rock Police Department, who was in another vehicle, for assistance in watching the car. After Allen saw the car weaving back and forth between the lanes of traffic, he stopped the car. Allen asked Polk, the sole occupant of the car, for his driver's license, which Allen discovered had expired. Allen cited Polk for improper lane usage and driving with an expired license and impounded the vehicle. Young inventoried the car, and he saw a piece of plastic sticking out above the driver's sun visor. He pulled the visor down and found a plastic bag containing several pieces of an off-white, rock-like substance later analyzed as 2.804

grams of eighty-five percent cocaine base and procaine. Young also saw a lump in the rear passenger-side floor mat, and underneath the mat he found a loaded .380 semi-automatic handgun that had been reported as stolen.[1] Young further testified that the gun was not visible without moving the floor mat. However, he testified that the lump was "something that jumped out at you."

The case was tried to the court sitting without a jury. At the conclusion of the State's case, Polk moved for a directed verdict, contending that there was no showing that he was "ever in actual possession of either the firearm or the drugs." Polk noted that the cocaine was found behind the sun visor, the gun was underneath a floor mat in the rear floorboard, and the car was registered to another person. The State replied that Polk was the only person in the car and had exclusive control of the vehicle, that the plastic bag was sticking out of the sun visor, which was immediately above Polk's head, and that the gun was found underneath the rear passenger floor mat, which, the State contended, was the most accessible place in the rear of the car to the driver. The State further noted that the lump was readily discernible by the officers. The court denied the motion.

In his own defense, Polk testified that he borrowed the car from his girlfriend, who he knew did not own the car, so that he could drive somewhere to eat. Polk stated that he drove the car two to three minutes to the Waffle House, where he remained approximately ten minutes while his hamburger and fries were cooking. He was driving back to the house when he was stopped by police. Polk testified that, at most, he was in the car for fifteen minutes. He further testified that he did not know that either a gun or drugs were in the car. Polk, however, admitted that he was a cocaine user and had been using cocaine that night at the house. He further stated that he had previously pled guilty to possession of cocaine and drug paraphernalia but that he did so in those cases because he knew about that cocaine and drug paraphernalia.

---

[1] Polk and the State stipulated that the gun actually belonged to Michael Purtle, who reported the gun stolen on April 10, 1999.

At the close of the evidence, Polk again moved to dismiss. Polk noted a number of factors to be considered to establish constructive possession of contraband found in a car when the vehicle is jointly occupied. He pointed out that the car was not his, that he was in the car only a short time, that he did not act suspiciously, and that the handgun was not within his immediate proximity, on the same side of the car, in plain view, on his person, or with his personal effects. Polk further noted that the officers did not testify that he was moving the visor or floor mat when he was driving.

The court denied appellant's motion. The court noted that while Polk was in the car only a short time, he testified that he used cocaine, and cocaine was found in the car. The court also noted that both the handgun and the cocaine were within easy access. Further, the court noted that Polk was in sole possession and control of the car. The circuit judge convicted Polk of the crimes of simultaneous possession of drugs and firearms, possession of a controlled substance with the intent to deliver, and theft by receiving. The court sentenced him to a total of sixteen years' imprisonment in the Arkansas Department of Correction.

Polk appealed to the court of appeals and, in a decision issued on October 31, 2001, the court of appeals affirmed the trial court on the charge of possession of a controlled substance, and reversed on the charge of simultaneous possession of drugs and firearms and theft by receiving. The majority determined that Polk's occupancy of the vehicle was analogous to a joint-occupancy situation, although there were no other occupants in the vehicle, because Polk had only been in the car for a few minutes after borrowing the car from his girlfriend who borrowed it from another person. The dissent concurred with the majority on the possession of a controlled substance conviction, but dissented regarding the simultaneous-possession and theft-by-receiving convictions. The dissent argued that the majority's use of the "joint occupancy" analysis was misplaced because Polk was alone in the car, and it was unimportant that his occupancy was merely "transitory" and for a short duration. As such, the dissent asserted that because Polk had control over the car and was in "near proximity" to the loaded pistol, the simultaneous possession charge should stand.

Following this decision, the State filed a petition for review from the court of appeals's decision reversing the trial court's ruling on the simultaneous possession of drugs and firearms conviction. The State argued that the court of appeals erred in using a joint-occupancy analysis for a situation involving only one occupant in the car, and that the court's cited cases support the contention that joint occupancy in the vehicle context necessarily requires occupancy by more than one person. Polk replies that the court of appeals was correct in applying a joint-occupancy analysis because the car was owned by someone other than the defendant, and the gun could have easily been present before Polk took possession of the car. He argues that this situation is no different from those in which roommates occupy a shared apartment or a person visits a friend's apartment. Therefore, while Polk does not challenge the trial court's conclusion that he knew about the bag of cocaine above the driver's sun visor, he does challenge the court's presumption that he had knowledge of the gun because it was hidden under a floor mat in the back seat. As such, he argues that the court of appeals properly applied joint-occupancy law, and that review is not warranted.

When we grant a petition for review pursuant to Ark. Sup. Ct. R. 2-4, we treat the appeal as if it were filed in this court originally. *Yancey v. State*, 345 Ark. 103, 44 S.W.3d 315 (2001). It is well settled that a motion for a directed verdict is a challenge to the sufficiency of the evidence. *Atkinson v. State*, 347 Ark. 336, 64 S.W.3d 259 (2002); *Smith v. State*, 346 Ark. 48, 55 S.W.3d 251 (2001); *Durham v. State*, 320 Ark. 689, 899 S.W.2d 470 (1995). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Smith, supra.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State. *Id.* Only evidence supporting the verdict will be considered. *Id.*

Circumstantial evidence provides the basis to support a conviction if it is consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Sublett v. State*, 337

Ark. 374, 989 S.W.2d 910 (1999). Such a determination is a question of fact for the fact-finder to determine. *Sheridan v. State,* 313 Ark. 23, 852 S.W.2d 772 (1993). The credibility of witnesses is an issue for the fact-finder. *Phillips v. State,* 344 Ark. 453, 40 S.W.3d 778 (2001). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* We will disturb the fact-finder's determination only if the evidence did not meet the required standards, thereby leaving the fact-finder to speculation and conjecture in reaching its verdict. *Id.* When we review a challenge to the sufficiency of the evidence, we will affirm the conviction if there is substantial evidence to support it. *Id.*

■■ Generally, it is not necessary for the State to prove literal physical possession of contraband in order to prove possession. *Dodson v. State,* 341 Ark. 41, 14 S.W.3d 489 (2000); *Mings v. State,* 318 Ark. 201, 884 S.W.2d 596 (1994). Possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Id.*; *Banks v. State,* 315 Ark. 666, 869 S.W.2d 700 (1994). In order to prove constructive possession, the State must establish beyond a reasonable doubt that the defendant exercised care, control, and management over the contraband. *Fultz v. State,* 333 Ark. 586, 972 S.W.2d 222 (1998); *Darrough v. State,* 330 Ark. 808, 957 S.W.2d 707 (1997); *Heard v. State,* 316 Ark. 731, 876 S.W.2d 231 (1994); *Crossley v. State,* 304 Ark. 378, 802 S.W.2d 459 (1991). This court has previously explained:

> Under our law, it is clear that the State need not prove that the accused physically possessed the contraband in order to sustain a conviction for possession of a controlled substance if the location of the contraband was such that it could be said to be under the dominion and control of the accused, that is, constructively possessed.

*Darrough,* 330 Ark. at 811. Constructive possession may be established by circumstantial evidence, but when such evidence alone is relied on for conviction, it must indicate guilt and exclude every other reasonable hypothesis. *Hodge v. State,* 303 Ark. 375, 797 S.W.2d 432 (1990). A showing of constructive possession, which is the control or right to control the contraband, is sufficient to

prove a defendant is in possession of a firearm. *Banks, supra.* Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Crossley, supra.*

To date, this court has not determined whether a single occupant in a borrowed car or car owned by another is only subject to the general inquiry for constructive possession, or whether the single occupant may benefit from the increased inquiry afforded those in a joint-occupancy situation. We hold that in such situations, the State need only prove constructive possession of the contraband without including any inquiry into the elements for joint occupancy.

Looking at this case under the constructive-possession inquiry, there was sufficient evidence to link Polk to the drugs in the sun visor and to the handgun in the back seat. Here, Polk himself testified that he had been using the same type of drugs earlier that evening, and that he had a drug problem. He was sitting immediately behind the visor, and the packaging was in plain view. The handgun was in the back seat under the floor mat, and he had access to the gun due to the proximity of the gun to the driver's seat. Furthermore, according to Polk's testimony, he was nervous when the police began to follow him from the Waffle House, and he admitted that he began weaving across the lines on the road because he was looking behind him at the police lights as they pulled him over. It is not necessary for the State to prove an accused physically held the contraband in order to sustain a conviction if the location of the contraband was such that it can be said to be under the dominion and control of the accused. *Heard v. State*, 316 Ark. 731, 876 S.W.2d 231 (1994); *Crossley, supra*. The State need only prove constructive possession, and constructive possession may be implied where the contraband is found in a place immediately and exclusively accessible to the accused and subject to his control. *Id.* Furthermore, an accused's suspicious behavior coupled with proximity with the contraband is clearly indicative of possession. *Id.* Polk was found with a sufficient amount of drugs to warrant a charge for "intent to deliver," and this court has recognized that firearms are considered a tool of the narcotic's dealer's trade, further suggesting that Polk knew of

the presence of the loaded gun on the floorboard. *See Kilpatrick v. State*, 322 Ark. 728, 912 S.W.2d 917 (1995); *Hendrickson v. State*, 316 Ark. 182, 871 S.W.2d 362 (1994). Here, both the drugs and the firearm were immediately and exclusively accessible to Polk, and we find that he was in possession of both.

Affirmed.

GLAZE, J., concurring.

IMBER, J., not participating.

TOM GLAZE, Justice, concurring. The majority court is correct that the appellant, Jewell Polk, was not entitled to any defense of joint occupancy under the facts of this case. He was the single occupant of the car he was driving when he was placed under arrest for improper lane usage and for driving with an expired license. The officer arrested Polk and impounded the car. The officer then conducted an inventory of the car. Arkansas Rule of Criminal Procedure 12.6(b) provides that a vehicle impounded in consequence of an arrest, or retained in official custody for other good cause, may be searched at such times and to such extent as is reasonably necessary for safekeeping of the vehicle and its contents.[1] It was during the inventory that the officer found contraband inside the car.

Because the officer conducted a proper inventory search, the items of contraband found in the car he was driving were considered to be in his constructive possession. *See Fultz v. State*, 333 Ark. 586, 596, 972 S.W.2d 222, 226 (1998) (where contraband is under the dominion and control of the accused, he is considered in constructive possession of the contraband). In this case, Polk had dominion and control over the car. Polk was the only person in the car and was the driver of the car. This court has also held that actual ownership is not required for the exercise of dominion and control. *See Kilpatrick v. State*, 322 Ark. 728, 734, 912 S.W.2d 917, 920 (1995).

---

[1] Polk never objected to the inventory search and, while he made a motion that his arrest was pretextual and the judge denied it, Polk fails to raise any pretextual issue on appeal.

Simply stated, the other facts considered by the majority court to link Polk in possession of the contraband are wholly unnecessary. Polk's conviction can be affirmed based solely on the legal inventory search.

IMBER, J., not participating.