Cite as 2020 Ark. App. 52

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-582

| | | |
|---|---|---|
| ROBERT E. DYAS | | **Opinion Delivered** January 29, 2020 |
| | APPELLANT | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-17-560] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ALEX GUYNN, JUDGE |
| | APPELLEE | |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Robert E. Dyas was convicted of possession of methamphetamine in the Jefferson County Circuit Court and sentenced to six years' imprisonment. On appeal, Dyas challenges the sufficiency of the evidence to support the conviction. We affirm.

Officer James Hoffman of the White Hall Police Department testified at the jury trial that he conducted a traffic stop on Dyas. Upon discovering that Dyas had warrants for his arrest, Hoffman arrested Dyas and called a wrecker to tow his vehicle. During his inventory search of the vehicle, Hoffman discovered a black bag containing a plastic bag of suspected methamphetamine and a smoking pipe.[1] The contraband was found inside a small ice chest located in the front passenger floorboard. Hoffman said that although there were a lot of items piled up in the car's seats, the ice chest was visible and accessible from the driver's seat.

---

[1]Dyas was also charged with possession of drug paraphernalia, but the jury acquitted him of this charge.

Hoffman testified that Dyas admitted the methamphetamine was his and said that his doctor prescribed it for his back. The crime lab confirmed the drugs to be methamphetamine.

On appeal, Dyas contends that there was insufficient evidence that he had actual or constructive possession of the drugs. He argues that the police did not investigate who owned the car he was driving despite knowing that it was not registered to him; that the police did not take pictures of the car or the ice chest, and the body-camera footage had been erased; and that the police did not find fingerprints on the seized items. Dyas argues that Officer Hoffman's credibility regarding Dyas's alleged admission to him is in doubt because Hoffman admitted that he did not include it in his report and did not give Dyas *Miranda* warnings.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Foster v. State*, 2015 Ark. App. 412, 467 S.W.3d 176. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the fact-finder. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Generally, it is not necessary for the State to prove literal physical possession of contraband in order to prove possession. *Id.* Possession can be proved by constructive possession, which is the control or right to control the contraband. *Id.* In order to prove

2

constructive possession, the State must establish beyond a reasonable doubt that the defendant exercised care, control, and management over the contraband. *Id*. Constructive possession can be implied when the contraband was found in a place immediately and exclusively accessible to the accused and subject to his or her control. *Id*. When a single occupant is in a car owned by another, the State need only prove constructive possession of the contraband without including any inquiry into the elements for joint occupancy. *Id*.

Here, Dyas was the sole occupant of the car where the methamphetamine was found. The drugs were immediately and exclusively accessible to Dyas and subject to his control. Officer Hoffman testified that Dyas could reach the drugs from the driver's seat and that Dyas admitted the drugs were his. Dyas's challenge to Hoffman's credibility provides no basis for relief because the credibility of witnesses is an issue for the jury. *Polk*, *supra*. We hold that Dyas's constructive possession of the drugs is supported by substantial evidence. Accordingly, we affirm his conviction.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

3