Cite as 2021 Ark. App. 52

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–20–44

|  |  |
|---|---|
| | **Opinion Delivered:** February 3, 2021 |
| TERRY LEE RENNINGER<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION<br>[NO. 60CR-18-3550 ] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE LEON JOHNSON, JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Terry Lee Renninger was convicted by the Pulaski County Circuit Court of third-degree escape, a Class C felony. He was sentenced as a habitual offender to three years' imprisonment. Appellant argues on appeal that the trial court erred by finding him guilty of third-degree escape. We find no error and affirm.

The facts of this case are not in dispute, on August 5, 2018, appellant slipped and fell, injuring his shoulder. At the time of his injury, he was an inmate at the Pulaski County Regional Detention Facility following an arrest for failure to appear.[1] Deputy Marcus Foley of the Pulaski County Sheriff's Office was tasked with transporting appellant to the

---

[1]There is no indication how long appellant had been in jail before his injury.

University of Arkansas for Medical Sciences (UAMS) for treatment. Appellant arrived at UAMS handcuffed and shackled. Once he was in a room, one of his leg shackles was removed and secured to the hospital bed. Upon request by the nurse, appellant's handcuffs were removed so that an x-ray could be taken of his shoulder. After appellant was discharged, Deputy Foley removed the shackle from the bed and was attempting to rearrange the shackles on appellant's ankles when appellant jumped up and ran out of the room and down the hall. Deputy Foley caught up with appellant, and the two fell to the floor. Appellant was able to get away and run in the opposite direction. Deputy Foley caught up with appellant a second time and the two collided. After receiving help from the UAMS police, who tased appellant, Deputy Foley was able to place appellant back in handcuffs and secure appellant's leg shackles. Other deputies subsequently arrived to transport appellant back to the jail.

Appellant was charged by criminal information on September 27, 2018, with third–degree escape in violation of Arkansas Code Annotated section 5-54–112.[2] Appellant waived his right to a jury trial, and his bench trial took place on August 21, 2019. Deputy Foley testified to the events of August 5, 2018. He indicated that the entire ordeal lasted between fifteen and twenty minutes. Jodi Keefer, an RN at UAMS, testified that when she arrived at work that day, she witnessed appellant running down the hall and Deputy Foley chasing him. She stated that both men were sprinting when she saw them. She corroborated Deputy Foley's testimony about what took place before appellant was apprehended and fully restrained. She testified that she is the person who called UAMS

---

[2](Repl. 2016).

police for help.  Sergeant Austin Ezell of the Pulaski County Sheriff's Office testified that he and another deputy went to UAMS to transport appellant back to the jail after his escape attempt.

Appellant unsuccessfully moved for a directed verdict at the conclusion of the State's case, arguing that the State failed to show that appellant was in custody pursuant to an arrest or court order when he ran from Deputy Foley.  Appellant testified on his own behalf and acknowledged that he was in jail when he fell and injured himself.  However, he denied that he was trying to escape when he ran from Deputy Foley.  Appellant contended that he thought Deputy Foley was going to strike him with the leg shackles, so he ran to be near witnesses.  Appellant renewed his directed-verdict motion at the end of the evidence, and it was again denied.  The court found appellant guilty of third-degree escape and sentenced him to three years in the Arkansas Department of Correction.  Appellant filed a timely notice of appeal.  This appeal follows.

A motion to dismiss in a bench trial is a challenge to the sufficiency of the evidence.[3] The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial.[4]   Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.[5] When a defendant challenges the sufficiency of the evidence convicting him, the evidence

[3] *Sharp v. State*, 2019 Ark. App. 506, 588 S.W.3d 770.

[4] *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002).

[5] *Id*.

3

is viewed in the light most favorable to the State.[6] Only evidence supporting the verdict will be considered.[7]

A person commits the offense of third-degree escape if he or she escapes from custody.[8] Custody is defined as restraint by a law enforcement officer pursuant to an arrest or a court order, but it does not include detention in a correctional facility.[9] Third-degree escape is a Class C felony if, at the time of the escape, the person is in the custody of a law enforcement agency.[10]

Appellant contends that the circuit court erred by denying his motion to dismiss because the State failed to put forth any proof that appellant was being restrained by Deputy Foley pursuant to an arrest or court order. Appellant conceded at trial that he was an inmate at the Pulaski County Regional Detention Facility on August 5, 2018, when he had to be transported from the jail to UAMS following a fall. To the extent that appellant argues that Deputy Foley had to transport him to UAMS pursuant to an arrest or court order this is without merit as this would lead to an absurd result. Under appellant's reading of the statute, the escape of any arrested person while being transported to or from a hospital or some other noncorrectional facility cannot support a charge of third-degree escape if there is no direct evidence that the person was being transported pursuant to an arrest or court order.

---

[6]*Id.*

[7]*Id.*

[8]Ark. Code Ann. § 5-54-112(a).

[9]Ark. Code Ann. § 5-54-101(3) (Repl. 2016).

[10]Ark. Code Ann. § 5-54-112(c)(1)(C).

4

It seems futile to show that an arrested person is being restrained pursuant to an arrest or court order. At the time of the transport, appellant was already under arrest. Thus, appellant's escape attempt while Deputy Foley was in the process of restraining him for transportation back to jail meets the definition of custody. Because Deputy Foley worked as a sheriff at the Pulaski County Sheriff's Office at the time of appellant's escape, the felony charge was appropriate.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.