Cite as 2021 Ark. App. 220

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-20-455

| | |
|---|---|
| MARK MORGAN | **Opinion Delivered** May 5, 2021 |
| APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-19-926] |
| V. | |
| | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | |
| | AFFIRMED |
| APPELLEE | |

**LARRY D. VAUGHT, Judge**

Mark Morgan appeals his conviction by a Benton County Circuit Court jury of possession of a controlled substance and possession of drug paraphernalia, both Class D felonies. We affirm.

At the jury trial on December 3, 2019, Detective Rick Yager with the Rogers Police Department testified that on April 10, 2019, he was watching a known drug-trafficking business when he saw Morgan enter the business and spend approximately fifteen minutes inside. Consistent with the department's investigative practice, after Morgan exited the business and drove away, "Detective Yager followed Morgan to look for a traffic violation allowing Yager to initiate a traffic stop."[1] Detective Yager noticed the passenger in Morgan's

---

[1]This was clearly a pretextual stop. However, Morgan does not challenge it, and it is well-settled law in Arkansas that "a pretextual stop does not violate federal constitutional law or the Arkansas Constitution." *Lawson v. State*, 89 Ark. App. 77, 83, 200 S.W.3d 459, 463 (2004)

car was not wearing a seat belt, and he pulled the car over. The passenger was later identified as Melinda Murch. When Detective Yager got out of his car, he scanned the ground at the front of his car to look for any discarded items. This is part of his normal procedure because people tend to throw evidence out the window when getting pulled over. At that time, nothing was located on the ground in front of his patrol car.

Detective Yager then approached Morgan's vehicle and notified Morgan why he stopped him. Morgan began to laugh awkwardly at an inappropriate level. Detective Yager asked Morgan to step out of his car and noted that Morgan almost turned backwards while trying to get out. Once out of the vehicle, Morgan was positioned in front of Detective Yager's patrol car so he could be questioned about his relationship with Murch. After questioning Morgan, Detective Yager approached Morgan's car and talked to Murch, who was on probation and had a search waiver on file. Once a second officer arrived to supervise Morgan and Murch, Detective Yager used a drug-detection dog to perform an exterior sniff of the car. The dog alerted to the car two times—both on the driver's-side door—triggering a manual search of the car. Detective Yager began his search on the passenger side of the car. In the passenger floorboard, he located a female's purse that contained a glass smoking pipe. Murch was then taken into custody.

At this point in the stop, Detective Yager had to move his patrol car to accommodate a nearby business. Prior to moving his patrol car, Detective Yager moved Morgan away from the front of the car and noticed an Altoids tin on the ground. Detective Yager opened the tin

---

(citing *Ohio v. Robinette*, 519 U.S. 33 (1996); *Whren v. United States*, 517 U.S. 806 (1996); *State v. Harmon*, 353 Ark. 568, 113 S.W.3d 75 (2003)).

and determined that it contained a small bag of methamphetamine. Morgan was arrested, and Detective Yager continued his search of Morgan's car. During the search, he located a glass methamphetamine smoking pipe in the driver's seat. Morgan initially denied any knowledge or ownership of the pipe or methamphetamine. He later stated that someone must have left the pipe in his car.

Detective Yager also testified that, after the traffic stop had concluded, he reviewed the footage of the stop from his dash cam. The video showed that when Detective Yager left Morgan alone at the front of his patrol car to go speak with Murch, Morgan removed something from his pocket and dropped it on the ground.

Murch testified that as they were getting pulled over, Morgan told her that he had a pipe in the car. Additionally, she testified that she did not have an Altoids tin or any methamphetamine on her person on the day of the stop. She also admitted that she and Morgan had smoked methamphetamine together earlier in the week.

Morgan was convicted of possession of a controlled substance, less than two grams of methamphetamine, a Class D felony; and possession of drug paraphernalia, also a Class D felony. He was sentenced to four months in a Community Correction Center and three years' probation. He now appeals his convictions, alleging that the circuit court erred when it denied his motion for directed verdict. This appeal follows.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Williams v. State*, 375 Ark. 132, 135–36, 289 S.W.3d 97, 100 (2008). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.

*Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Sandrelli v. State*, 2015 Ark. App. 127. On appeal, the appellate courts treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. "Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder to resolve. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. Accordingly, when there is evidence of a defendant's guilt, even if it is conflicting, it is for the jury as fact-finder to resolve, not the court." *Wiseman v. State*, 2017 Ark. App. 371, at 1–2, 526 S.W.3d 4, 6 (internal citations omitted). Circumstantial evidence may provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Bangs v. State*, 338 Ark. 515, 998 S.W.2d 738 (1999).

For his first point on appeal, Morgan argues that the State failed to present sufficient evidence to prove constructive possession of the drug paraphernalia. Arkansas Code Annotated section 5-65-443(a)(2) (Repl. 2016) prohibits possession of drug paraphernalia with the purpose to ingest, inhale, or otherwise introduce methamphetamine into the human body. "Possess means to exercise actual dominion, control, or management over a tangible object." Ark. Code Ann. § 5-1-102(15) (Repl. 2016). To convict a person of possession, the State is not required to prove actual possession, "constructive possession," which is the control or right to control, is sufficient. *Franklin v. State*, 60 Ark. App. 198, 202, 962 S.W.2d 370, 372 (1998). Constructive possession requires that the State prove that the defendant exercised care, control, and management over the contraband and that the accused knew the matter possessed

4

was contraband. *Id.* Constructive possession can be inferred when the contraband is in the joint control of the accused and another. *Id.* However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to the contraband. *Id.* Other factors to be considered in cases involving vehicles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused; (4) whether the accused owned the car or exercised dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.*

While the State claims that there was evidence supporting all five factors in this case, a more accurate assessment is that some, but not all, of the factors were met: (1) the pipe was found wrapped in a tissue on the driver's seat in plain view, (2) it was not found among Morgan's personal effects, (3) it was found on his side of the vehicle, (4) Morgan owned the car and was driving at the time of the stop, and (5) Detective Yager testified that Morgan's "awkward laugh" and the strange way he exited the vehicle were suspicious. In addition to these factors, Murch's testimony supports a finding of constructive possession. She testified that she and Morgan had used methamphetamine together earlier in the week and that as they were getting pulled over, Morgan told her he had a pipe in the car.

Morgan also challenges the sufficiency of the evidence regarding the methamphetamine found in the Altoids tin. He claims that the tin was found on the ground near a spot where both Morgan and Murch stood and that this was a known drug area, making it more likely that someone else had left the tin on the ground. When narcotics are found in an area entirely

outside the control of the defendant and exposed to the public at large, the State must provide more definite factors linking the defendant to the contraband. *Garner v. State*, 355 Ark. 82 (2003); *Hodge v. State*, 303 Ark. 375, 797 S.W.2d 432 (1990). Morgan claims that although testing was available, the State chose not to test the tin for fingerprints, the drug-detection dog did not alert on Morgan to indicate that he had drugs on his person, and Murch did not testify that Morgan had any narcotics when they were stopped. We find no reversible error. The State introduced into evidence the dash-cam video that shows Morgan doing something that could reasonably be interpreted as removing an item from his pocket and dropping it on the ground in the same spot where the Altoids tin was discovered. Moreover, while Murch did not specifically testify that Morgan possessed methamphetamine at the time of their stop, her testimony that the pair had smoked methamphetamine together earlier in the week bolsters the evidence of constructive possession. Morgan had just been observed leaving a business known for illegal drug sales, possessed a pipe used to smoke methamphetamine, had recently smoked methamphetamine with Murch, and was caught on video dropping something on the ground in the area where the drugs were found. We therefore affirm.

Affirmed.

KLAPPENBACH and WHITEAKER, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.