Cite as 2023 Ark. App. 191

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-22-566

| | | |
|---|---|---|
| RANDY HYATT | | Opinion Delivered April 5, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-21-143] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| | | REBRIEFING ORDERED |

## RITA W. GRUBER, Judge

Appellant Randy Hyatt was convicted by a Grant County jury of possession of a controlled substance (methamphetamine) and possession of paraphernalia (a baggie). He was sentenced as a habitual offender to consecutive sentences of ninety-six months' imprisonment for each offense. On appeal, appellant contends that the circuit court erred in denying his motion for directed verdict on both offenses. Because of briefing deficiencies, we are unable to reach the merits of his arguments at this time and must order rebriefing.

Appellant filed a notice of appeal on June 15, 2022, at which time electronic filing of appeals was mandatory. *See In re Acceptance of Records on Appeal in Elec. Format*, 2020 Ark. 421 (per curiam). Appellant's counsel correctly filed an electronic brief on behalf of appellant. However, the brief does not contain a sufficient statement of the case and facts

section. It recites only a brief procedural history and none of the facts or summary of the testimony.

Rule 4-2(a)(6) of the Arkansas Rules of the Supreme Court states the following:

The appellant's brief *shall* contain a concise statement of the case and the facts without argument. The statement shall identify and discuss all material factual and procedural information contained in the record on appeal. Information in the appellate record is material if the information is essential to understand the case and to decide the issues on appeal. All material information must be supported by citations to the pages of the appellate record where the information can be found.

(Emphasis added.) Here, the statement of the case does not reference any facts or relevant testimony.

The requirement that a statement of the case be included is not only for the benefit of this court to understand the case and facts, but the failure to include necessary facts can also limit appellant's requested review of any opinion offered by this court. Supreme Court Rule 2-3(h) states, "In no case will a rehearing petition be granted when it is based upon any fact thought to have been overlooked by the Court, unless reference has been clearly made to it in the statement of the case and the facts prescribed by Rule 4-2."

Because of the mandatory language used by the supreme court in Rule 4-2, we cannot overlook counsel's failure to comply with the rule. The brief as presented by appellant's counsel impedes this court's ability to undertake a meaningful review of the issues on appeal. Accordingly, we order counsel to file a substituted brief on behalf of appellant curing any deficiencies within fifteen days from the date of this opinion. The deficiencies we have noted are not to be taken as an exhaustive list, and we encourage counsel for the appellant to

2

carefully examine the record and review our rules before resubmitting his brief. Upon the filing of a substituted brief, the State will be afforded an opportunity to revise or supplement its brief in the time prescribed by the clerk.

Rebriefing ordered.

VIRDEN and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.