Cite as 2023 Ark. App. 544

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-22-566

| | | |
|---|---|---|
| RANDY HYATT | | Opinion Delivered November 29, 2023 |
| | APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27CR-21-143] |
| V. | | |
| | | HONORABLE CHRIS E WILLIAMS, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**RITA W. GRUBER, Judge**

Appellant Randy Hyatt was convicted by a Grant County jury of possession of a controlled substance and possession of paraphernalia and sentenced as a habitual offender to consecutive sentences of ninety-six months' imprisonment for each offense. On appeal, appellant contends that the circuit court erred in denying his motion for directed verdict as to both offenses because the State failed to prove that he possessed the contraband discovered in a jointly occupied car that he was driving. We affirm.[1]

In an amended felony information filed May 17, 2022, appellant was charged with possession of a Schedule II controlled substance (methamphetamine less than two grams) and possession of drug paraphernalia (a baggie). The State also sought a sentence

---

[1]This case returns following rebriefing. *See Hyatt v. State*, 2023 Ark. App. 191.

enhancement, alleging that appellant was a habitual offender having committed two or more felonies. A jury trial took place on May 23.

Jacob Inman, a patrolman with the Sheridan Police Department, testified that he came into contact with appellant on December 18, 2021, at a sobriety checkpoint being conducted with the Grant County Sheriff's Department. Inman was working with Deputy Randy Irby. When the car appellant was driving stopped, Inman noticed that appellant's right arm was tucked between the driver's seat and the center console. After appellant handed Inman his driver's license with his left hand, Inman told Irby that appellant may be hiding something.

Inman testified that Irby then went to the driver's-side window to speak with appellant. Inman heard Irby tell appellant to put his hands where they could see them, but appellant refused. When he refused a second time, Irby pulled out his service weapon. Appellant was ordered multiple times to show his hands, but he refused and shoved both hands between the console and the seat. Inman reached in and pulled appellant out of the vehicle. While Inman patted appellant down, appellant kept trying to shove his hands inside his pants. A search of the vehicle revealed a pill bottle containing a "big rock" of crystal-like substance, which was found between the seat and the console where appellant's hands had been. Inman identified photos of the items found and described them as a silver container containing two plastic baggies containing a crystal-like substance. Although there was another occupant in the passenger seat who had access to the area where the contraband was found, Inman saw only appellant's hands in that area.

2

Chemist Ashley Anderson of the Arkansas State Crime Laboratory tested the evidence received in the case. The tests revealed that the white crystalline substance was methamphetamine with a weight of 1.383 grams.

The State rested, and appellant moved for a directed verdict, arguing that the State failed to prove that appellant actually or constructively possessed a Schedule II controlled substance or a baggie with the purpose to store, contain, or conceal methamphetamine. The court denied the motion. The defense did not call any witnesses and renewed its motion for directed verdict. The jury found appellant guilty of both charges and sentenced him as a habitual offender to serve ninety-six months' imprisonment for each offense to run consecutively. This appeal followed.

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Dyas v. State*, 2020 Ark. App. 52, at 2, 593 S.W.3d 55, 57. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.* The credibility of witnesses is an issue for the fact-finder. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Possession of less than two grams of methamphetamine is a Class D felony. Ark. Code Ann. § 5-64-419(a) & (b)(1)(A) (Supp. 2021). A person who possesses drug paraphernalia "with the purpose to use the drug paraphernalia . . . or to store, contain, conceal, or weigh a

3

controlled substance in violation of this chapter upon conviction is guilty" of a Class D felony if the controlled substance is methamphetamine. Ark. Code Ann. § 5-64-443(a)(2)(A) (Supp. 2021).

To convict a person of possession, the State is not required to prove actual possession; "constructive possession," which is the control or right to control, is sufficient. *Morgan v. State*, 2021 Ark. App. 220, at 4. Constructive possession requires that the State prove that the defendant exercised care, control, and management over the contraband and that the accused knew the matter possessed was contraband. *Id.* at 4–5. Constructive possession can be inferred when the contraband is in the joint control of the accused and another. *Id.* at 5. However, joint occupancy of a vehicle, standing alone, is not sufficient to establish possession or joint possession. *Id.* There must be some other factor linking the accused to the contraband. *Id.* Other factors to be considered in cases involving vehicles occupied by more than one person are (1) whether the contraband is in plain view; (2) whether the contraband is found with the accused's personal effects; (3) whether it is found on the same side of the car seat as the accused; (4) whether the accused owned the car or exercised dominion and control over it; and (5) whether the accused acted suspiciously before or during the arrest. *Id.* There is no requirement that all or even a majority of the linking factors be present to constitute constructive possession of the contraband. *Baker v. State*, 2019 Ark. App. 515, at 6, 588 S.W.3d 844, 848.

With respect to possession of methamphetamine, appellant argues only that the State failed to prove that he knowingly or purposely possessed the drug. He asserts that the

4

evidence revealed only that he did not show his hands at the checkpoint, a pill bottle was found, and there was another individual in the vehicle. With respect to possession of paraphernalia, appellant argues only that the State failed to prove it belonged to appellant. He points to the single fact that "baggies were found" in the pill bottle and contends that the State failed to prove it belonged to him. The State responds that there was sufficient evidence of constructive possession. We agree.

Here, there was testimony that appellant was driving the car; while at the check point, his right arm was tucked between his seat and the center console; he refused the officers' multiple requests to show his hands and continued to shove his hands between the seat and the center console; and he continued to refuse to cooperate once he was pulled from the car. Although the area searched was within the reach of the passenger, Inman never saw the passenger reach in that area. The search revealed a pill bottle in the area between the driver's seat and the console, which was where appellant placed his hands and refused to remove them when ordered to do so. The pill bottle contained a baggie with a rock-like substance, which was determined to be 1.383 grams of methamphetamine. Viewing the evidence in the light most favorable to the verdict, we hold that appellant's constructive possession of the contraband is supported by substantial circumstantial evidence. Accordingly, we affirm.

Affirmed.

VIRDEN and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.