Stacy TUBBS *v.* STATE of Arkansas

CR 06-945                                    257 S.W.3d 47

Supreme Court of Arkansas
Opinion delivered May 10, 2007

*James B. Bennett*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

PAUL E. DANIELSON, Justice. Appellant Stacy Tubbs brings this criminal appeal from his felony conviction of possession of a controlled substance with intent to deliver. He was sentenced as a habitual offender to life imprisonment and a $25,000 fine. His sole point on appeal is that the circuit court erred in denying his motion for directed verdict because there was insufficient evidence to support the judgment. We disagree and affirm.

A review of the record reveals the following facts. On July 2, 2005, El Dorado Police Department Officer Darien Martin conducted a traffic stop on Tubbs after observing his vehicle cross the center line. Officer Martin testified that he requested Tubbs to produce his driver's license, registration, and insurance, but immediately noticed that Tubbs was very nervous and slow to respond to questioning. When Tubbs could not produce his driver's license, Officer Martin ran his name and date of birth through dispatch. Officer Martin testified that Tubbs continued to be nervous and appeared as if he were going to pass out because he

was hyperventilating, had a high heart rate, and had deep chest compressions. At that time, Officer Martin instructed Tubbs to exit the vehicle and perform a number of field sobriety tests, which he passed.

Officer Karl Nichols, a canine officer with the El Dorado Police Department, had also responded to the scene while Tubbs was still inside his vehicle. After Officer Martin had asked Tubbs to exit the vehicle and while he administered the field sobriety tests, Officer Nichols conducted a canine sweep of the vehicle with his canine, Nero, who alerted on the vehicle. The vehicle was subsequently searched, and numerous rocks of crack cocaine, along with sandwich bags, digital scales, and four hundred and ninety-one dollars ($491) in cash were found in a plastic sack in the rear seat. In addition, the vehicle was taken to the El Dorado Police Department, where a second canine sweep was performed and more crack cocaine was found beneath the driver's seat. A drug analysis confirmed that the contraband found in the vehicle was indeed 9.9 grams of crack cocaine.

Tubbs was charged as a habitual offender with possession of a controlled substance with intent to deliver. A jury trial was held on January 17, 2006, where Tubbs made a motion for directed verdict based on the insufficiency of the evidence. The motion was denied by the circuit court, and Tubbs was convicted on all charges. Tubbs timely filed his notice of appeal on February 15, 2006.

For his sole point on appeal, Tubbs argues that the circuit court should have granted his motion for directed verdict as there was insufficient evidence to support the judgment of guilt as to possession of a controlled substance with intent to deliver. Specifically, he argues that no evidence was presented that tied him to the contraband found in the car. However, Tubbs fails to present any argument that there was insufficient evidence of his intent to deliver. Therefore, we will not address the issue of Tubbs's intent to deliver as we have held that we will not research or develop an argument for an appellant. *See Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006).

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Boyd v. State*, 369 Ark. 259, 253 S.W.3d 456 (2007). In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *See id.*

Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *See id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *See id.*

We now turn to Tubbs's argument that there was insufficient evidence as to his possession of the crack cocaine. Tubbs alleges that no evidence was presented that tied him to the contraband found in the car because Officer Martin never saw him with any contraband on his person, handle the contraband at any time, or place the contraband where it was found, and his fingerprints were not found on the drugs, the digital scales, or the baggies. The State avers that there was substantial evidence that Tubbs constructively possessed contraband, here crack cocaine, at the time of his arrest. We agree with the State.

It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proven by constructive possession, which is the control or right to control the contraband. *See Polk v. State,* 348 Ark. 446, 73 S.W.3d 609 (2002). In order to prove constructive possession, the State must establish beyond a reasonable doubt that the defendant exercised care, control, and management over the contraband. *See id.* Constructive possession can be implied where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *See id.*

Given the facts of the instant case, there was sufficient evidence under the constructive-possession inquiry to link Tubbs to the contraband under the driver's seat and in the back seat of the vehicle. The vehicle that Tubbs was operating, and in which the contraband was found, was not only registered in his name, but he also insured it. Tubbs was the driver of the vehicle and was the sole occupant at the time Officer Martin conducted the traffic stop. Large amounts of crack cocaine were not only found in a plastic bag that was sitting in the back seat, but were also found underneath the driver's seat where Tubbs was in close proximity and had access to it. Tubbs clearly exercised care, control, and management over the contraband.

In addition, this court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. *See id.* (citing *Heard v. State,* 316 Ark. 731, 876 S.W.2d 231 (1994)). Officer Martin testified that

Tubbs became very animated, to the point of being argumentative, when Officer Nichols was conducting the canine sweep. He stated that Tubbs became more animated and more argumentative the closer that Officer Nichols came to where the contraband was located. After the canine signaled the presence of narcotics, Officer Martin further testified that, even though the insurance and registration were in Tubbs's name, Tubbs told him "Well, you know, it's not my vehicle. I was borrowing that vehicle."

Here, the contraband was exclusively accessible to Tubbs, and we hold that there was sufficient evidence that he was in constructive possession of it. Therefore, we affirm the circuit court's denial of the motion for directed verdict.

### Rule 4-3(h) Review

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to Tubbs, and no prejudicial error has been found.

Affirmed.