2010 Ark. 293

**Benjamin CARTER, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CR 09–831.**

Supreme Court of Arkansas.

June 17, 2010.

Dana A. Reece, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Pamela A. Rumpz, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice.

A Union County jury convicted Appellant Benjamin Carter of possession of cocaine with intent to deliver, possession of marijuana with intent to deliver, possession of drug paraphernalia, simultaneous possession of drugs and a firearm, and maintaining a drug premises. He was sentenced to life imprisonment and a $25,000 fine on the cocaine-possession charge; twenty years and a $25,000 fine on the marijuana-possession charge; forty years on the simultaneous-possession charge; twenty years and a $10,000 fine on the paraphernalia charge; and twelve years and a $10,000 fine on the drug-premises charge. His sentences were to run consecutively.

Appellant asserts only one point on appeal—that the circuit court erred in denying his motion for directed verdict. Because appellant was sentenced to life imprisonment, our jurisdiction is pursuant to Ark. Sup.Ct. Rule 1–2(a)(2). We affirm on all counts.

On July 31, 2008, the El Dorado Police Department executed a search warrant at 1020 ₂Craig Street after conducting two controlled drug buys at that location using a confidential informant. In executing the warrant, the police focused first on apprehending the people in the house. The police located appellant near the toilet in a bathroom connected to the southwest bedroom of the home. Several other people were present in the southwest bedroom but appellant was the only person found in the bathroom. When appellant was searched incident to arrest, $500 was recovered from his person that matched the serial numbers of the buy money the informant had been given the previous day to purchase drugs.

The police then performed a full search of the home and found (1) a 9 mm handgun in the grass approximately ten feet from the southwest corner of the residence near an open window to the southwest bedroom; (2) a box of 9 mm ammunition and three loose 9 mm rounds in a cabinet in the kitchen; (3) two large blocks of crack cocaine in the hallway of the home leading to the bedrooms; (4) a 9 mm handgun on the

floor of the closet off the hallway; (5) two small walkie talkies, switched to the same channel, on a chair in a room north of the kitchen; (6) a plate containing several rocks of crack cocaine under the sofa in the living room; (7) on a table near the east door, an open box of plastic baggies, three bags of marijuana, a bag of crack cocaine, a set of digital scales, a ledger list of names and dollar amounts, and three dry-cleaning receipts bearing appellant's name; (8) a video surveillance system connected to a flat-screen television directed to observe the outside of the home; (9) two large chunks of crack cocaine and a crack pipe in the southwest bedroom; and (10) a baggie containing crack cocaine in the bottom of the toilet bowl in the bathroom where appellant was apprehended.

At trial, the confidential informant testified that he had purchased drugs from appellant on July 30, 2008, in cooperation with the El Dorado Police Department in exchange for a reduction of his own drug-possession charges. A forensic chemist from the state crime lab testified to the tests she performed on the over fifty-eight grams of crack cocaine and thirteen grams of marijuana that was found in the home. Additionally, Peggy Meeks testified that she owned the home at 1020 Craig Street and had rented it to appellant. Meeks stated that although appellant gave her the money, he asked that the rental agreement be in his sister's name, which Meeks remembered as Rolanda Loggins.

Douglas Henry testified that he was the "door man" at 1020 Craig Street, patting down people who came in the house to check for weapons or wires. He stated that he bought drugs from appellant at the home. Henry said that he saw people buy drugs from appellant in late July 2008, including the confidential informant. Henry stated that he was at the house when the police raided it. Just before the police entered the home, he stated that he saw

appellant with drugs and a handgun. He testified that it was normal for appellant to carry a gun. Henry admitted that his testimony was in exchange for a plea agreement.

Appellant testified in his own defense, claiming that he was innocent of the charges against him. He denied renting the house at 1020 Craig Street and stated that Rolanda Loggins was his co-defendant's sister. He admitted being in the house on the day of the raid and knowing it was a "crack house," but denied being there for the purpose of buying or selling drugs. He stated that he went to the house to "shoot dice" and "smoke weed" and that he had never seen anyone "smoke crack" at the home. He stated that he was in the "front room" playing a video game when the police came in and that he ran to a back bedroom.

For his sole point on appeal, appellant argues that the circuit court should have granted his motion for directed verdict (1) on all possession charges as there was insufficient evidence that he possessed a controlled substance with intent to deliver, possessed drug paraphernalia, or simultaneously possessed a controlled substance and a firearm; and (2) on the drug-premises charge because there was insufficient evidence that appellant rented the house. Appellant fails to present any argument that there was insufficient evidence of his intent to deliver. Therefore, we do not address the issue of intent to deliver as we have held that we will not research or develop an argument for an appellant. *See Flanagan v. State*, 368 Ark. 143, 243 S.W.3d 866 (2006).

This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). In reviewing a challenge to the sufficiency of the evidence, this court determines whether

the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*

Although circumstantial evidence may provide a basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* The credibility of witnesses is an issue for the jury and not the court. *Id.* The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.*

Appellant maintains that none of the contraband found in the home is directly connected to him; that with so many individuals in the home at the time of the raid, it was impossible to know to whom the contraband belonged; that no drugs or firearms were found on appellant's person when he was searched; that appellant was not physically near the marijuana, handguns, drug paraphernalia, or majority of the crack cocaine found in the house; and that there was no rental agreement in appellant's name. Appellant also claims that the word of a confidential informant alone, seeking a reduction in his own charges in exchange for testifying, is insufficient to sustain appellant's convictions. In response, the State contends that, reviewing the evidence in the light most favorable to the verdict, there was sufficient evidence to prove that appellant constructively possessed all the contraband found in the home and to prove that appellant was maintaining the home for the purpose of selling drugs.

Appellant was convicted of several possession-related offenses, including possession of cocaine and marijuana with intent to deliver pursuant to Ark.Code Ann. § 5–64–401 (Supp.2009), possession of drug paraphernalia pursuant to Ark.Code Ann. § 5–64–403 (Supp.2009), and simultaneous possession of drugs and a firearm pursuant to Ark.Code Ann. § 5–74–106 (Supp.2009).

It is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Tubbs v. State,* 370 Ark. 47, 257 S.W.3d 47 (2007). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Polk v. State,* 348 Ark. 446, 73 S.W.3d 609 (2002). Where there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband. *Morgan v. State,* 2009 Ark. 257, 308 S.W.3d 147. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Id.* This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id.* In addition, this court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. *Tubbs, supra.*

In *Bailey v. State,* 307 Ark. 448, 821 S.W.2d 28 (1991), the State established

that appellant lived in the home and was present with another person when it was searched. *Id.* Further, when the police first knocked on the door, they heard appellant's voice from the kitchen area fade into the back of the home. *Id.* Upon entering the home, police discovered appellant in the bedroom. *Id.* Drugs were in plain view in the kitchen and in the bathroom. *Id.* We held that the evidence was sufficient for the jury to conclude that appellant was attempting to dispose of the contraband when the police broke in and that appellant had knowledge and control of the contraband. *Id.*

In the present case, viewing the facts in the light most favorable to the State, we are convinced that sufficient evidence supports appellant's possession-related convictions. The owner of 1020 Craig Street testified that she rented the home to appellant. The police conducted controlled drug buys at the house the day before and the day of the search. The confidential informant stated the he purchased drugs from appellant during the controlled buy the day before the search. Police found $500 on appellant's person after his arrest that matched the serial numbers of the money the informant used to purchase drugs during the controlled buy. During the search, police found large amounts of crack cocaine, as well as marijuana and paraphernalia used in the sale of controlled substances, in plain view in many areas of the house, including the front part where appellant admitted he was located just prior to the police raid. In his testimony, appellant acknowledged that he knew the house was a "crack house." Dry-cleaning receipts bearing appellant's name were found on a table near drug paraphernalia and marijuana. Police also found two handguns during the search, one lying in a closet in the hallway leading to the bedrooms and one on the ground outside the southwest bedroom window. Police found appellant in the bathroom connected to the southwest bedroom near a toilet wherein a baggie of crack cocaine was found in the open bowl. Crack cocaine was found in plain view in the southwest bedroom. Douglas Henry testified that he had seen appellant sell drugs out of the home and that he often saw appellant with a handgun. Upon these facts, it was reasonable for the jury to conclude that appellant had knowledge and control over the contraband found in the home and that he knew it was contraband.

Appellant was also convicted of maintaining a drug premises in violation of Ark.Code Ann. § 5–64–402 (Supp.2009). Although appellant refers to his drug-premises conviction as insufficient because the State failed to prove that he rented the house at 1020 Craig Street, he neglects to include any citation to authority for his argument. We have held that where the party fails to cite to authority or fails to provide convincing argument, we will not consider the merits of the argument. *Springs v. State,* 368 Ark. 256, 244 S.W.3d 683 (2006). Here, appellant neglects to cite to even one case for his argument.

Mindful, however, of our obligation under Rule 4–3(i), we turn to the merits of appellant's sufficiency argument on the drug-premises conviction. Arkansas Code Annotated section 5–64–402 provides that it is unlawful for any person to knowingly keep or maintain any dwelling that is resorted to by a person for the purpose of using or obtaining a controlled substance. The State presented evidence that appellant sold illegal substances from the house, allowed others to use illegal substances in the house, and stored illegal substances in the house. The owner of the home testified that she rented it to appellant. Other witnesses testified that appellant lived in the home. A confidential informant made two controlled-narcotic purchases at the home prior to the raid. The informant

testified that he bought drugs from appellant. When appellant was searched, he had the buy money on his person that the police had given the informant. Douglas Henry testified that he was the "door man" for the house, assisting appellant with selling drugs. Henry also testified that he had seen appellant sell crack cocaine and marijuana from the home. Appellant admitted the home was a "crack house." Moreover, during the search of the home, officers found over fifty-eight grams of crack cocaine, over thirteen grams of marijuana, drug paraphernalia, and items used in the sale of illegal substances, such as scales, baggies, and a ledger. Viewing the evidence in the light most favorable to the State, we are satisfied that there was sufficient evidence to support appellant's conviction for maintaining a drug premises.

In compliance with Ark. Sup. Ct. R. 4–3(i), we have reviewed the record for all objections, motions, and requests made by either party that were decided adversely to appellant and find no prejudicial error.

Affirmed.

CORBIN, J., not participating.