Cite as 2019 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION II

**No.** CR-19-224

| | |
|---|---|
| JAMES W. WEBB | **Opinion Delivered:** October 2, 2019 |
| APPELLANT | |
| | APPEAL FROM THE ASHLEY |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 02CR-18-116] |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE ROBERT BYNUM |
| | GIBSON, JR., JUDGE |
| | |
| | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

James Webb was convicted by an Ashley County jury of one count of second-degree unlawful discharge of a firearm from a vehicle and one count of tampering with physical evidence. He appeals his convictions, alleging that the trial court erred in failing to instruct the jury on negligent homicide and asserting that there was insufficient evidence to support his evidence-tampering conviction. We affirm.

Webb was charged with first-degree unlawful discharge of a firearm from a vehicle and evidence tampering relating to the death of Dennis Smith. Dennis died on July 8, 2018, from a gunshot wound. Webb admits that his weapon—a pistol—caused Dennis's death, and he also admits that he threw the pistol into the Ouachita River after the shooting. With this background information, we will now consider the evidence presented to the jury.

On the night of Dennis' death, Webb and Leon "Shane" Thomas were driving in Webb's truck when they saw Mark[1] and Dennis Smith standing at the end of the road. Shane asked Webb to stop so he could talk to Mark. Shane walked over to the Smith brothers and started talking with them. Webb remained in the truck. What happened next is in dispute. Both Mark and Shane testified that Webb pointed his pistol at the Smith brothers and fired a shot that killed Dennis. Webb testified that Shane asked him about the pistol and was holding the pistol. He further testified that in the process of retrieving the pistol from Shane the gun discharged, and unfortunately, the bullet accidentally struck and killed Dennis. Webb then left the scene and threw the gun in the river.

After hearing this evidence, the jury was instructed on the offenses of evidence tampering and first-degree unlawful discharge of a firearm from a vehicle, as well as the lesser-included offense of unlawful discharge of a firearm in the second degree. Webb requested an instruction on negligent homicide, claiming that it is a lesser-included offense of the unlawful-discharge-of-a-firearm offense, but the trial court disagreed and refused to submit the instruction to the jury. Webb also moved for a directed verdict at trial, arguing in part that the State had failed to prove the concealment of the firearm with the purpose of impairing its availability in the official proceeding or investigation of a felony. The trial court denied his directed-verdict motions, and the jury returned a verdict convicting him of the lesser-included offense of second-degree unlawful discharge of a firearm and tampering of physical evidence. He now appeals.

---

[1]Mark Smith is the victim's brother.

Although Webb addresses the sufficiency issue last, we must address it first because of double-jeopardy concerns. *Gillean v. State*, 2015 Ark. App. 698, 478 S.W.3d 255. This court treats a motion for directed verdict as a challenge to the sufficiency of the evidence. *See Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). In reviewing a challenge to the sufficiency of the evidence, we determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. This court views the evidence in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id*. We do not determine the credibility of witnesses, as this is an issue for the jury and not the court. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147. Here, the jury, as the trier of fact, was free to believe all or part of any witness's testimony and resolve questions of conflicting testimony and inconsistent evidence. *Id*.

Webb argues on appeal that the trial court erred in denying his motion for directed verdict on the tampering-with-physical-evidence charge. To commit the offense of tampering with physical evidence, Webb had to alter, destroy, suppress, remove, or conceal any record, document, or thing with the purpose of impairing its verity, legibility, or availability in any official proceeding or investigation. Ark. Code Ann. § 5-53-111 (Repl. 2016). Webb admits that he was holding the gun when it discharged and killed Dennis and further admits that he threw the gun into the river. He claims he did so because he was remorseful and did not want a weapon that had been used to killed someone. He argues

that the State provided no evidence that he disposed of the weapon to impair or impede the investigation of the shooting and Dennis's resulting death.

We cannot reach the merits of Webb's argument because his motion for directed verdict at trial was too generic. In order to preserve his sufficiency argument on appeal, Webb was required to make a specific motion for directed verdict at the close of the State's evidence and at the close of all the evidence. *E.g.*, *Maxwell v. State*, 373 Ark. 553, 558, 285 S.W.3d 195, 199 (2008). Rule 33.1(c) of the Arkansas Rules of Criminal Procedure states in relevant part the degree of specificity required:

> A motion for directed verdict . . . based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

Ark. R. Crim. P. 33.1(c) (2018). "The rationale behind this rule is that 'when specific grounds are stated and the absent proof is pinpointed, the circuit court can either grant the motion, or, if justice requires, allow the State to reopen its case and supply the missing proof.'" *Maxwell*, 373 Ark. at 559, 285 S.W.3d at 200 (quoting *Pinell v. State*, 364 Ark. 353, at 357, 219 S.W.3d 168, 171 (2005)).

At trial, Webb made the following motion for directed verdict:

> I am also wanting to make a motion on the other charge of evidence tampering. The State has to prove that my client concealed the firearm with the purpose to impair its availability in the official proceeding or investigation of a felony. . . . The State already had all the evidence they needed to prosecute this case and . . . But, I mean, the State has not made a prima facie case of the evidence tampering because my client . . . there is no evidence that my client did this.

Webb's motion failed to adequately specify any deficiencies in the State's proof and is therefore inadequate to preserve for appellate review the specific challenge to the

4

sufficiency of the evidence he now raises on appeal. *E.g., Bienemy v. State*, 374 Ark. 232, 236–37, 287 S.W.3d 551, 555 (2008).[2]

Webb also asserts that the trial court erred in failing to instruct the jury on negligent homicide. We utilize an abuse-of-discretion standard when reviewing a trial court's decision regarding the submission or rejection of jury instructions. *Thomas v. State*, 2012 Ark. App. 466, at 3, 422 S.W.3d 217, 219.

Webb argues that the trial court is required to give a lesser-included-offense instruction if there is even the slightest evidence to support it, and because there was evidence presented at trial to support a conviction for negligent homicide, the trial court committed reversible error.

Webb correctly asserts that the refusal to give an instruction on a lesser-included offense is reversible error if the instruction is supported by even the slightest evidence. *See Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158. However, a trial court does not abuse its discretion in denying a proffered jury instruction on a charge that is not a lesser-included offense. *See Brown v. State*, 347 Ark. 44, at 47, 60 S.W.3d 422, 424 (2001). Here, the trial court found that negligent homicide is not a lesser-included offense of unlawful discharge of a firearm from a vehicle. We find no merit in Webb's claim that the trial court abused its discretion in this finding.

---

[2]Even if Webb's motion had been specific enough to preserve the sufficiency challenge, we conclude there was sufficient evidence presented to support the conviction. Webb shot Dennis, drove away in his vehicle, and threw the gun in the river. While he claimed that the discharge was accidental and that the disposal was not to impede any investigation or prosecution, the jury was not required to believe his version of events.

Whether an offense is included in another offense is determined by application of Arkansas Code Annotated § 5-1-110(b) (Repl. 2013), which provides,

(b) A defendant may be convicted of one (1) offense included in another offense with which he or she is charged. An offense is included in an offense charged if the offense:

(1) Is established by proof of the same or less than all of the elements required to establish the commission of the offense charged;

(2) Consists of an attempt to commit the offense charged or to commit an offense otherwise included within the offense charged; or

(3) Differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish the offense's commission.

*See also Gaines v. State*, 354 Ark. 89, 118 S.W.3d 102 (2003).

Webb's proffered instruction does not meet any of the three alternative tests set out in Arkansas Code Annotated section 5-1-110(b). *See McCoy v. State*, 347 Ark. 913, 69 S.W.3d 430 (2002). We can summarily dispose of a claim under subsection (b)(2) because negligent homicide is not an attempt offense. We now consider whether negligent homicide is established by proof of the same elements or less than all the elements required to establish the offense of unlawful discharge of a firearm from a vehicle pursuant to section 5-1-110(b)(1), or whether negligent homicide differs from the unlawful discharge of a firearm from a vehicle only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission. We conclude that it does not.

Webb was initially charged with first-degree unlawful discharge of a firearm from a vehicle.  A person commits this offense if the person knowingly discharges a firearm from a

vehicle and thereby causes death or serious physical injury to another person. Ark. Code Ann. § 5-74-107 (Repl. 2016). Thus, the culpable mental state for first-degree unlawful discharge of a firearm from a vehicle is directed at the act of discharging the firearm, not at the death or injury to another person.

We now compare this to negligent homicide. A person commits negligent homicide if the person negligently causes the death of another person. Ark. Code Ann. § 5-10-105(b)(1). Thus, the culpable mental state for negligent homicide is directed at the act of causing the death of another person. Hence, negligent homicide cannot be established by proof of the same elements or less than all the elements required to establish unlawful discharge of a firearm from a vehicle, nor can it be said to differ only in that a less serious injury or risk of injury will establish its commission.

Applying the analysis found in Arkansas Code Annotated section 5-1-110(b), we hold that negligent homicide is not a lesser-included offense of the offense of unlawful discharge of a firearm from a vehicle. Accordingly, the trial court did not err in refusing to instruct the jury on negligent homicide. *See Gaines*, *supra*.

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Ass't Att'y Gen., for appellee.