Cite as 2020 Ark. App. 341

# ARKANSAS COURT OF APPEALS

DIVISION IV

No. CR-19-771

| | | |
|---|---|---|
| | | Opinion Delivered: June 3, 2020 |
| DAVID HEATH HANEY | | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, |
| | APPELLANT | FORT SMITH DISTRICT [NO. 66FCR-19-315] |
| V. | | |
| | | HONORABLE STEPHEN TABOR, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## KENNETH S. HIXSON, Judge

Appellant David Heath Haney appeals after he was convicted by a Sebastian County Circuit Court jury of possession of methamphetamine and possession of drug paraphernalia and sentenced as a habitual offender to serve a total of 240 months' imprisonment in the Arkansas Department of Correction. Appellant's attorney has filed a no-merit brief and a motion to withdraw as counsel pursuant to Arkansas Supreme Court Rule 4-3(k) (2019) and *Anders v. California*, 386 U.S. 738 (1967), asserting that this appeal is wholly without merit. The motion is accompanied by an abstract and addendum of the proceedings below alleged to include all objections and motions decided adversely to appellant and a brief in which counsel explains why there is nothing in the record that would support an appeal. The clerk of this court mailed a copy of counsel's motion and brief to appellant's last-known address informing him of his right to file pro se points for reversal, which he has done.

Consequently, the attorney general has filed a brief in response. We grant counsel's motion to withdraw and affirm the convictions.

Appellant was charged by amended information with one count of possession of methamphetamine, one count of possession of drug paraphernalia, and as a habitual offender. A jury trial was held on September 3, 2019. On the day of the trial, at a pretrial hearing, the State agreed not to elicit at trial any testimony from its witnesses regarding the specific basis for appellant's initial arrest that led to the subsequent charges at issue.[1]

At trial, Officer Mason Efurd of the Barling Police Department testified that he initiated a traffic stop on April 4, 2019, after he observed a vehicle whose driver failed to obey a traffic signal and run a red light. Appellant was a passenger in the front seat of the vehicle he stopped. After developing a reason to arrest appellant, Officer Efurd searched appellant's person at the scene. At that time, Officer Efurd did not recover any contraband and transported appellant to the Sebastian County Detention Center in Fort Smith. In route to the detention center, Officer Efurd noticed that appellant was "moving around in the back seat in a manner that's not typical" and that appellant appeared to be "swaying back and forth in the backseat."

After they arrived at the detention center, Officer Efurd parked in the sally port, opened the back door, and asked appellant to exit the patrol car. Officer Efurd observed that appellant's right shoe was lying on the backseat floorboard, and he asked appellant to put on his shoe. While appellant was putting on his right shoe, Officer Efurd observed

_____

[1]Apparently, appellant had been arrested after law enforcement discovered appellant had an active warrant for his arrest during a traffic stop.

2

some aluminum foil fall out of appellant's right pant leg. Officer Efurd testified that "[a]s soon as it hit the ground, [appellant] put his . . . foot on top of the foil" and that appellant initially failed to comply when instructed to lift his foot. Officer Efurd also discovered a piece of nitrile glove that contained a small baggie of white crystalline substance inside the aluminum foil.

Although appellant initially denied ownership or knowledge of the items inside the foil, after appellant was read his *Miranda* rights, he admitted that it contained "speed." Officer Efurd opined that in his experience, the term "speed" was slang for methamphetamine. Officer Efurd further opined that in light of his observations during the traffic stop and at the detention center, appellant was under the influence of methamphetamine. Officer Efurd testified that during the traffic stop appellant was "sweating profusely," that appellant's muscles were "involuntary[ily] jerking[,]" and that he observed a "grinding movement [i]n [appellant's] chin and his jaw." Officer Efurd additionally testified that he noticed appellant "couldn't articulate his words very well" and that appellant's speech was "slurred."

David Arellano, a forensic chemist at the Arkansas State Crime Laboratory, testified that the white crystalline substance weighed 0.9592 grams and contained methamphetamine.

Captain Aaron Townsend of the Barling Police Department testified that there was no video footage of when the evidence was found. He explained that normally they do not have either their body cameras or the car cameras turned on at the detention center. Captain

3

Townsend further testified that Officer Efurd did not have a body camera that worked correctly.

Finally, Paul Smith, the drug task force director for Sebastian and Crawford Counties, testified as an expert in the fields of narcotics and narcotics–related investigations. Mr. Smith was shown the seized baggie with the methamphetamine, glove, and aluminum foil. When asked their about significance, Mr. Smith opined that the little baggie was commonly referred to packing material and used to store the methamphetamine so the methamphetamine was not loose in a person's pocket or purse; that the glove could be used to hide narcotics inside the human body; and that the aluminum foil could be used to store, package, or conceal methamphetamine.

After the State rested its case, appellant's counsel moved for a directed verdict and renewed his motion for a directed verdict after he rested without presenting any witnesses. He argued that the State failed to prove that appellant had actual or constructive possession of the methamphetamine and the packaging material that had been introduced into evidence. The circuit court denied his motion, and the jury found appellant guilty of possession of methamphetamine and possession of drug paraphernalia. Appellant was sentenced as a habitual offender to serve fifteen years' imprisonment for possession of methamphetamine and five years' imprisonment for possession of drug paraphernalia to be conserved consecutively. This appeal followed.

Appellant's counsel explains that any challenge to the sufficiency of the evidence on the basis of appellant's motion for a directed verdict or renewed motion for a directed verdict

4

would be wholly without merit, and we agree.[2]  A motion for a directed verdict is a challenge to the sufficiency of the evidence.  *Carter v. State*, 2010 Ark. 293, 367 S.W.3d 544.  On an appeal from a denial of a motion for a directed verdict, the sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial.  *Id.*  In determining whether there is substantial evidence to support the verdict, this court reviews the evidence in the light most favorable to the State and considers only that evidence which supports the verdict.  *Id.*  Substantial evidence is that evidence which is of sufficient force and character to compel a conclusion one way or the other beyond suspicion or conjecture.  *Id.*  Although circumstantial evidence may provide a basis to support a conviction, it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion.  *Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849.  Whether the evidence excludes every other hypothesis is left to the jury to decide.  *Id.*  The credibility of witnesses is an issue for the jury and not the court.  *Id.*  The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence.  *Id.*

It is a Class D felony for a person to possess "methamphetamine . . . with an aggregate weight, including an adulterant or diluent, of . . . [l]ess than two grams (2g)."  Ark. Code Ann. § 5-64-419(b)(1)(A) (Repl. 2016).  "A person who uses or possesses with the purpose

---

[2]Out of an abundance of caution, appellant's counsel additionally discussed an issue that arose during the penalty phase of trial.  Apparently, without appellant seeking to elicit such information, one of appellant's witnesses expressed his desire to discuss factual details of appellant's prior convictions but opined that the circuit court would not allow him to do so.  The circuit court, without any objection, instructed the witness not to discuss that information.  Because appellant failed to object or otherwise obtain an adverse ruling, we need not discuss that issue in this opinion.

to use drug paraphernalia to store, contain, or conceal a controlled substance that is methamphetamine or cocaine upon conviction is guilty of a Class D felony." Ark. Code Ann. § 5-64-443(c) (Supp. 2019).

Our supreme court has stated that it is not necessary for the State to prove that an accused physically held the contraband, as possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849; *Tubbs v. State*, 370 Ark. 47, 257 S.W.3d 47 (2007). Constructive possession can be implied where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his or her control. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). When there is joint occupancy of the premises where contraband is found, some additional factor must be present linking the accused to the contraband. *Morgan v. State*, 2009 Ark. 257, 308 S.W.3d 147; *see also Lambert v. State*, 2017 Ark. 31, 509 S.W.3d 637. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Carter, supra*. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id*. In addition, this court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. *Tubbs, supra*.

Here, substantial evidence supports appellant's convictions for possession of methamphetamine and drug paraphernalia. At trial, appellant argued that the State failed to

prove that appellant had actual or constructive possession of the methamphetamine and the packaging material that had been introduced into evidence. However, Officer Efurd testified that he observed aluminum foil fall out of appellant's right pant leg at the detention center. Officer Efurd also discovered a piece of nitrile glove that contained a small baggie of white crystalline substance inside the aluminum foil. Although appellant initially denied ownership or knowledge of the items inside the foil, he later admitted that it contained "speed," which is slang for methamphetamine. Further, the substance tested positive for methamphetamine. Thus, from our review of the record and the brief presented, we find that counsel has complied with the requirements of Rule 4-3(k) and hold that there is no merit to this appeal.

Having reviewed the adverse rulings identified by counsel, we now turn to the issues raised by appellant in his response to the no-merit brief. Appellant's response is actually a handwritten letter essentially expressing his dissatisfaction with the outcome of his case. Although his letter does not set forth specific allegations of error and is at times difficult to follow, none of the issues that can be identified in appellant's response warrant a reversal of his conviction. To the extent appellant's argument complains of the sufficiency of the evidence that was addressed in his motion for directed verdict, our opinion adequately addresses that issue above. The remaining arguments were not argued to the circuit court and are thus not preserved for appeal. *See Jester v. State*, 2018 Ark. App. 558. It is well settled that to preserve an issue for appeal, a defendant must object at the first opportunity. *Gordon v. State*, 2015 Ark. 344, 470 S.W.3d 673. Here, appellant is procedurally barred from claiming that he should have been released on bond while his case was pending on

7

appeal because he failed to request such a bond. Additionally, none of the ineffective-assistance-of-counsel claims were presented below and are not preserved on appeal. *See Nichols v. State*, 69 Ark. App. 212, 11 S.W.3d 19 (2000). In order for a defendant to argue ineffective assistance of counsel on direct appeal, he or she must first have presented the claim to the lower court either during the trial or in a motion for new trial. *Id.* Finally, it is unclear to this court whether appellant is also arguing that the State failed to disclose a "police report" during discovery. In appellant's pro se points, he states that he failed "to see or read the police report" and that he has "no idea if one ever exist[ed.]" With nothing more than this bare, conclusory comment, and considering that appellant never objected below at trial, there would be no merit to an appeal from this issue. *See Breeden v. State*, 2013 Ark. 145, 427 S.W.3d 5. Thus, we also conclude there is no merit to appellant's pro se points. Accordingly, counsel's motion to withdraw is granted, and appellant's convictions are affirmed.

Affirmed; motion to withdraw granted.

GLADWIN and HARRISON, JJ., agree.

*Joseph C. Self*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.

8