Cite as 2023 Ark. App. 358

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-22-700

| | | |
|---|---|---|
| RICHARD BLOCK | | Opinion Delivered August 30, 2023 |
| | APPELLANT | |
| | | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-21-155] |
| V. | | |
| | | HONORABLE CREWS PURYEAR, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Richard Wayne Block appeals after he was convicted by a Drew County Circuit Court jury of being a felon in possession of a firearm. He was sentenced as a habitual offender to serve 180 months' incarceration. On appeal, appellant challenges the sufficiency of his conviction. We affirm.

I. *Relevant Facts*

Appellant was charged by criminal information with being a felon in possession of a firearm, a Class D felony, in violation of Arkansas Code Annotated section 5-73-103(a)(1) (Supp. 2021). The State further stated that appellant's sentence should be increased as a habitual offender pursuant to Arkansas Code Annotated section 5-4-501(b) (Supp. 2021) for having been previously convicted of four or more felonies. A jury trial was held on April 12, 2022.

Appellant stipulated that he had a prior felony conviction, and the jury was instructed regarding the stipulation at trial. The State introduced the testimony of Officer Shawn Curtis, employed by the Monticello Police Department. Officer Curtis testified that while he was on patrol on June 3, 2021, at 1:15 a.m., a silver SUV pulled out in front of him and accelerated. He checked the license plate and learned that the vehicle owner's driver's license had been suspended, so he made a traffic stop of the vehicle. It is undisputed that appellant was driving the vehicle and was the sole occupant of the vehicle; however, he did not own the vehicle. Officer Curtis testified that as a result of the stop, appellant was taken into custody, and an inventory search was conducted.[1] The search yielded a box of .38 Special ammunition found "kind of stuffed up underneath the [driver's] seat on the floorboard" and a loaded .38 Special revolver found in the glove box. Officer Curtis testified that the box of ammunition was "not completely" in plain view but that he could see the "edge" of the box. Officer Curtis admitted that the items were not tested for DNA or fingerprints. A photograph from Officer Curtis's body-cam video showed that the revolver was loaded.

Amanda Rowland testified that she was in a relationship with appellant at the time of the traffic stop and that she owned the vehicle. She testified that appellant had a key to the vehicle and had her permission to use it. Rowland admitted that she had previously said

---

[1]Appellant did not challenge the traffic stop or his arrest. In a pretrial conference, appellant admitted that he was driving on a suspended license and that he was lawfully taken into custody because he had an active warrant for his arrest. Therefore, the parties stipulated that the details regarding why appellant was taken into custody did not need to be given to the jury, and Officer Curtis was instructed not to mention the active warrant during his testimony.

that the firearm was hers because she was scared and was trying to cover for appellant, who was not supposed to have a firearm. However, at trial, she testified that she retracted that prior statement, and she testified that the ammunition and firearm were not hers, she did not put the firearm in the truck that morning, and she had not seen the firearm before.

After the State rested, appellant moved for a directed verdict, arguing that the "State has failed to prove beyond speculation and conjecture that my client possessed the firearm – either actual, per the definition – they've failed to prove actual sovereignty, control or management." The circuit court denied the motion, and appellant then rested without introducing any further evidence. Appellant renewed his motion for directed verdict, which the circuit court also denied. The jury found appellant guilty, and he was sentenced as a habitual offender to serve 180 months' incarceration. This appeal followed.

## II. *Standard of Review*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35,

3

617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra.*

This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

### III. *Sufficiency of the Evidence*

No person who has been convicted of a felony shall possess or own any firearm. Ark. Code Ann. § 5-73-103(a)(1). On appeal, appellant argues that there was insufficient evidence to support the verdict on the element of possession. He specifically argues that the State failed to prove that he "owned" the firearm, and there was no proof that he "possessed the firearm absent conjecture or speculation." He explains that he did not own the vehicle and that there were no linking factors that tied him to the firearm, such as his exhibiting suspicious behavior, the firearm being in plain view or on his side of the vehicle, the firearm being found among his belongings, or DNA or fingerprint analysis. Instead, appellant points

4

to Rowland's prior statement that the firearm was hers and explains that "her prior statement adds to the questionable nature of the evidence as to the owner and possessor of the firearm."

The supreme court has stated that it is not necessary for the State to prove that an accused physically held the contraband because possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849. Constructive possession can be inferred where the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). In cases involving joint occupancy of the premises where contraband is found, some additional factors must be present linking the accused to the contraband. *Pokatilov*, *supra*; *see also Lewis v. State*, 2023 Ark. 12; *Lambert v. State*, 2017 Ark. 31, 509 S.W.3d 637. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Carter v. State*, 2010 Ark. 293, 367 S.W.3d 544. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id.* In addition, the supreme court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. *Id.*

Although much of appellant's argument centers on his contention that there was an absence of additional linking factors, a single occupant in a borrowed car or a car owned by another is only subject to the general inquiry for constructive possession; the State need only

prove constructive possession of the contraband without including any inquiry into the elements for joint occupancy. *Polk*, 348 Ark. 446, 73 S.W.3d 609; *Cain v. State*, 2020 Ark. App. 465, 609 S.W.3d 680; *Bens v. State*, 2020 Ark. App. 6, 593 S.W.3d 495; *Jones v. State*, 2010 Ark. App. 775. As such, constructive possession can be inferred here where the contraband was found in a place immediately and exclusively accessible to the accused and subject to his control. *Bens*, *supra*.

Appellant was the driver and sole occupant of a vehicle that he borrowed from Rowland. Officer Curtis testified that he found a box of .38 Special ammunition "kind of stuffed up underneath the [driver's] seat on the floorboard" and a loaded .38 Special revolver in the glove box, which were immediately and exclusively accessible to appellant. Further, Officer Curtis testified that he could see the "edge" of the box of ammunition in plain view, and the ammunition in the box was the same type of ammunition used in the firearm. Moreover, Rowland admitted at trial that she owned the vehicle; however, she testified that neither the ammunition nor the firearm was hers, she did not put the firearm in the vehicle that morning, and she had not seen the firearm before. Although appellant questions Rowland's credibility because she admittedly made a prior contradictory statement, witness credibility is an issue for the jury, which is free to believe all or a portion of any witness's testimony and whose duty it is to resolve questions of conflicting testimony and inconsistent evidence. *Robinson v. State*, 2017 Ark. App. 689, 537 S.W.3d 765. Accordingly, we hold that substantial evidence supports the jury's verdict and affirm appellant's conviction for being a felon in possession of a firearm.

Affirmed.

G<span>LADWIN</span> and B<span>ARRETT</span>, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.