Cite as 2026 Ark. App. 71

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-25-50

| | | |
|---|---|---|
| DARIUS HILL | | Opinion Delivered February 4, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE GRANT COUNTY |
| V. | | CIRCUIT COURT |
| | | [NO. 27CR-23-101] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| | | |
| | | AFFIRMED; REMANDED TO CORRECT THE ENTENCING ORDER |

**KENNETH S. HIXSON, Judge**

Appellant Darius Hill appeals after he was convicted by a Grant County Circuit Court jury of possession of methamphetamine and possession of drug paraphernalia. He was sentenced as a habitual offender to serve an aggregate of 252 months' incarceration. On appeal, appellant argues that the circuit court erred in denying his motion for directed verdict. We affirm appellant's convictions but remand for the limited purpose of correcting the sentencing order.

I. *Relevant Facts*

Appellant was charged by amended felony information with possession of methamphetamine, a Class C felony, in violation of Arkansas Code Annotated section 5-64-419(b)(1)(B) (Repl. 2024), and possession of drug paraphernalia, a Class D felony, in

violation of Arkansas Code Annotated section 5-64-443 (Repl. 2024).  The State further stated that appellant's sentence should be enhanced because he is a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Repl. 2024).  A jury trial was held on July 11, 2024.

Only three witnesses testified at trial.  Deputy Rick Stephenson testified that he conducted a traffic stop on July 10, 2023.  Appellant was the driver and sole occupant of the vehicle.  Deputy Stephenson explained that during a subsequent search of the vehicle, he found a baggie of methamphetamine in a candy box and a glass smoking pipe with residue wrapped in a washrag on the passenger side of the vehicle.  Agent Matt Smith testified that he took the evidence obtained from the search and sent it to the Arkansas State Crime Laboratory.  When asked about the glass pipe, Agent Smith explained without objection that "it was [a] glass pipe that we commonly know for people to use to ingest methamphetamine" and that it is "reasonable to believe that it's only used for methamphetamine."  Reece Borchers, a forensic chemist with the Arkansas State Crime Laboratory, testified that the substance found in the baggie tested positive for methamphetamine and weighed 2.5774 grams.  He admitted that he did not test the pipe for methamphetamine because it was laboratory policy to test only the evidence that supports the highest charge.

After the State rested, defense counsel moved for directed verdict.  He argued that the State had failed to prove appellant possessed the methamphetamine or pipe because they were found on the passenger side of the vehicle and that there was no proof the pipe was drug paraphernalia because it had not been tested by the laboratory.  The State responded

2

that the evidence showed appellant was the only person in the vehicle with the contraband and that the pipe was the type used for smoking methamphetamine. The circuit court denied the motion.

Defense counsel then rested without presenting any evidence and renewed his motion for directed verdict, which the circuit court again denied. The jury found appellant guilty of possession of methamphetamine and possession of drug paraphernalia. During the sentencing phase, the State introduced evidence of appellant's other prior convictions to prove that he is a habitual offender. The jury recommended that he be sentenced as a habitual offender to serve an aggregate of 252 months' imprisonment, which the circuit court imposed. This appeal followed.

## II. *Standard of Review*

We treat a motion for a directed verdict as a challenge to the sufficiency of the evidence. *Armstrong v. State*, 2020 Ark. 309, 607 S.W.3d 491. In reviewing a sufficiency challenge, we assess the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We will affirm a judgment of conviction if substantial evidence exists to support it. *Id.* Substantial evidence is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other without resorting to speculation or conjecture. *Id.* Circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. Whether the evidence excludes every other hypothesis is left to the jury to

3

decide. *Id.* Further, the credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Armstrong, supra*.

This court has noted that a criminal defendant's intent or state of mind is seldom apparent. *Benton v. State*, 2020 Ark. App. 223, 599 S.W.3d 353. One's intent or purpose, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence but may be inferred from the facts and circumstances. *Id.* Because intent cannot be proved by direct evidence, the fact-finder is allowed to draw on common knowledge and experience to infer it from the circumstances. *Id.* Because of the difficulty in ascertaining a defendant's intent or state of mind, a presumption exists that a person intends the natural and probable consequences of his or her acts. *Id.*

III. *Sufficiency of the Evidence for Possession of Methamphetamine*

Appellant first complains that because the methamphetamine was found on the passenger side of the vehicle and not in appellant's actual physical possession in addition to the fact that there were no other factors linking the methamphetamine to appellant, the State failed to prove he was in actual or constructive possession of the methamphetamine. Appellant's argument lacks merit.

It is unlawful for a person to possess a controlled substance. *See* Ark. Code Ann. § 5-64-419(a). Possession of more than two grams but less than ten grams of a Schedule I or Schedule II controlled substance that is methamphetamine or cocaine is a Class C felony. Ark. Code Ann. § 5-64-419(b)(1)(B). It is not necessary for the State to prove that an accused

4

physically held the contraband because possession of contraband can be proved by constructive possession, which is the control or right to control the contraband. *Pokatilov v. State*, 2017 Ark. 264, 526 S.W.3d 849. Constructive possession can be inferred when the contraband is found in a place immediately and exclusively accessible to the defendant and subject to his control. *Polk v. State*, 348 Ark. 446, 73 S.W.3d 609 (2002). In cases involving joint occupancy of the premises where contraband is found, some additional factors must be present linking the accused to the contraband. *Pokatilov, supra; see also Lewis v. State*, 2023 Ark. 12; *Lambert v. State*, 2017 Ark. 31, 509 S.W.3d 637. In such cases, the State must prove two elements: (1) that the accused exercised care, control, or management over the contraband; and (2) that the accused knew the matter possessed was contraband. *Carter v. State*, 2010 Ark. 293, 367 S.W.3d 544. This control and knowledge can be inferred from the circumstances, such as the proximity of the contraband to the accused, the fact that it is in plain view, and the ownership of the property where the contraband is found. *Id.* In addition, the supreme court has held that an accused's suspicious behavior coupled with proximity to the contraband is clearly indicative of possession. *Id.*

Although appellant's argument centers on his contention that there was an absence of additional linking factors, a single occupant in even a borrowed car or a car owned by another is only subject to the general inquiry for constructive possession; the State need only prove constructive possession of the contraband without including any inquiry into the elements for joint occupancy. *Polk*, 348 Ark. 446, 73 S.W.3d 609; *Block v. State*, 2023 Ark. App. 358; *Cain v. State*, 2020 Ark. App. 465, 609 S.W.3d 680; *Bens v. State*, 2020 Ark. App.

5

6, 593 S.W.3d 495; *Jones v. State*, 2010 Ark. App. 775. Here, appellant was the driver and sole occupant of the vehicle in which the methamphetamine was found. This court has held that proof that the defendant is the sole occupant of the car is evidence that he or she exercised dominion and control over the contraband. *Featherston v. State*, 2024 Ark. App. 207, 687 S.W.3d 150. Accordingly, we hold that there was sufficient evidence for the jury to find appellant guilty of possessing methamphetamine and affirm appellant's conviction.

IV. *Sufficiency of the Evidence for Possession of Drug Paraphernalia*

Appellant additionally argues on appeal that the circuit court should have granted his motion for directed verdict because there was insufficient evidence that the glass pipe was drug paraphernalia since the laboratory never tested the residue to confirm it was methamphetamine. We disagree.

It is unlawful for a person to possess drug paraphernalia with the purpose to use the drug paraphernalia to inject, ingest, inhale, or otherwise introduce into the human body a controlled substance or to store, contain, conceal, or weigh a controlled substance. *See* Ark. Code Ann. § 5-64-443. Drug paraphernalia is defined as

> any equipment, product, and material of any kind that are used, intended for use, or designed for use in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of this chapter.

Ark. Code Ann. § 5-64-101(12)(A) (Repl. 2024). Drug paraphernalia includes a glass pipe. Ark. Code Ann. § 5-64-101(12)(B)(xii)(a); *e.g.*, *White v. State*, 98 Ark. App. 366, 255 S.W.3d

6

881 (2007). Finally, Arkansas Code Annotated section 5-64-101(12)(C) states the following

in relevant part:

(C) In determining whether an object is "drug paraphernalia," a court or other authority shall consider, in addition to any other logically relevant factor, the following:

(i) A statement by an owner or by anyone in control of the object concerning its use;

(ii) A prior conviction, if any, of an owner or of anyone in control of the object under any state or federal law relating to any controlled substance;

(iii) The proximity of the object in time and space to a direct violation of this chapter;

(iv) The proximity of the object to a controlled substance;

(v) The existence of any residue of a controlled substance on the object;

(vi)(a) Direct or circumstantial evidence of the intent of an owner or of anyone in control of the object to deliver it to a person whom he or she knows, or should reasonably know, intends to use the object to facilitate a violation of this chapter.

(b) The innocence of an owner or of anyone in control of the object as to a direct violation of this chapter does not prevent a finding that the object is intended for use or designed for use as "drug paraphernalia";

(vii) An oral or written instruction provided with the object concerning its use;

(viii) Descriptive materials accompanying the object that explain or depict its use;

(ix) National and local advertising concerning the object's use;

(x) The manner in which the object is displayed for sale;

(xi) Whether the owner or anyone in control of the object is a legitimate supplier of a like or related item to the community, such as a licensed distributor or dealer of a tobacco product;

(xii) Direct or circumstantial evidence of the ratio of sales of the objects to the total sales of the business enterprise;

(xiii) The existence and scope of legitimate uses for the object in the community; and

(xiv) Expert testimony concerning the object's use.

Here, the jury heard evidence that the glass pipe had a residue on it and that it was found in close proximity to the methamphetamine. Moreover, Agent Smith, who stated he works with the Group 6 Narcotics Enforcement Unit, testified without objection that "it was [a] glass pipe that we commonly know for people to use to ingest methamphetamine" and that it is "reasonable to believe that it's only used for methamphetamine." Under these facts, we agree with the State that there was sufficient evidence for the jury to conclude that the glass pipe was drug paraphernalia and find appellant guilty of possessing drug paraphernalia. Accordingly, we affirm appellant's conviction.

## V. *Sentencing Order*

Finally, we note that there is a clerical error in the sentencing order. Appellant was charged as a habitual offender; appellant's prior convictions were introduced at the sentencing hearing; and the jury sentenced appellant as a habitual offender. However, the box that would indicate that appellant was sentenced as a habitual offender is not checked on the sentencing order. The circuit court is free to correct a clerical error to have the judgment speak the truth. *Battles v. State*, 2024 Ark. App. 198; *Carter v. State*, 2019 Ark. App. 57, 568 S.W.3d 788. Thus, we affirm appellant's convictions but remand to the circuit court with instructions to correct the sentencing order.

8

Affirmed; remanded to correct the sentencing order.

WOOD and BROWN, JJ., agree.

*Gregory Crain*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob Jones*, Ass't Att'y Gen., for appellee.